OPINION
{¶ 1} Defendant, Thomas Jackson, appeals from his conviction and sentence for aggravated trafficking in drugs, extortion, and failure to comply with an order or signal of a police officer.
 {¶ 2} On August 8, 2001, the Clark County Drug Task Force made an undercover purchase of Oxycontin tablets from Defendant at his home at 5012 Troy Road in Springfield. The following day, August 9, 2001, police obtained and executed a search warrant at Defendant's home, which resulted in the seizure of additional Oxycontin as well as other drugs and numerous prescriptions.
 {¶ 3} On August 20, 2001, Defendant was indicted in Case No. 01-CR-543, on one count of Aggravated Trafficking in Drugs, R.C.2925.03. Three specifications were attached to that offense: (1) the offense was committed within one hundred feet of a juvenile, (2) the amount of the drug involved was equal to or exceeded the bulk amount but was less than five times the bulk amount, and (3) as a result of this offense, Defendant's residence was subject to criminal forfeiture.
 {¶ 4} While out on bond, Defendant threatened two people who owed him money for drugs. After those two people contacted police, an undercover sting operation was set up.
 {¶ 5} On November 10, 2001, police observed Defendant engaged in another drug transaction. When police attempted to arrest Defendant, he led them on a high speed chase through Springfield. During the chase Defendant threw Oxycontin pills out his car window. The chase ended when Defendant crashed his vehicle.
 {¶ 6} As a result of these events, Defendant was indicted on September 17, 2001 in Case No. 01-CR-619 on one count of Extortion, R.C.2905.11, one count of Possession of Drugs (Oxycontin), R.C. 2925.11, one count of Tampering with Evidence, R.C. 2921.12, and one count of Failure to Comply with an Order or Signal of a Police Officer, R.C. 2921.331.
 {¶ 7} Defendant filed a Crim.R. 12(C)(3) motion to suppress evidence in Case No. 01-CR-543, claiming that police had violated the "knock and announce" requirement that the Fourth Amendment imposes, because they did not give Defendant an opportunity to answer the door or refuse admittance before they forced entry into his home. Following a hearing, the trial court overruled Defendant's motion to suppress the evidence.
 {¶ 8} Defendant thereafter entered into a plea agreement. On March 22, 2002, Defendant entered a plea of guilty to the aggravated drug trafficking charge in Case No. 01-CR-543, including all specifications except the specification that the offense was committed within one hundred feet of a juvenile. Defendant also pled guilty in Case No. 01-CR-619 to extortion and failure to comply with an order or signal of a police officer. In exchange, the State dismissed the juvenile specification attached to the drug trafficking charge in Case No. 01-CR-543, and also dismissed charges of possession of drugs and tampering with evidence in Case No. 01-CR-619. The trial court accepted Defendant's pleas and found him guilty.
 {¶ 9} On April 12, 2002, the trial court sentenced Defendant to the maximum sentence of five years for aggravated trafficking in drugs and to four years each for extortion and failure to comply with an order or signal of a police officer. The court ordered that all sentences be served consecutively, for a total of thirteen years. The court also imposed fines for each offense.
 {¶ 10} Defendant has timely appealed to this court from his convictions and sentences.
FIRST ASSIGNMENT OF ERROR
 {¶ 11} "The trial court erred in overruling appellant's motion to suppress as the police violated Ohio revised code 2935.12 in executing the search warrant."
 {¶ 12} Defendant argues that the trial court erred in overruling his motion to suppress the evidence police seized from his home during a search authorized by a warrant because police violated the "knock and announce" statute, R.C. 2935.12, and therefore their forced entry was illegal and violative of Defendant's Fourth Amendment rights.
 {¶ 13} Defendant's motion to suppress was grounded on the knock and announce requirement of the Fourth Amendment. See United States v.Banks, 124 S.Ct. 521. The trial court rejected the challenge, even though it appears that officers waited a much briefer period of time before entering Defendant's residence than the officers had in Banks. Defendant doesn't challenge the trial court's Fourth Amendment ruling, however. Instead, he now relies on the prohibitions of R.C. 2935.12, which was not a claim he made in the trial court. It is questionable whether that section applies at all, because officers entered peaceably, not violently. Even so, Defendant's contention fails for a more fundamental reason.
 {¶ 14} Pleas of guilty waive any error in a trial court's denial of a motion to suppress evidence. Huber Heights v. Duty (1985),27 Ohio App.3d 244. Therefore, Defendant's guilty pleas waive the error he has assigned concerning the court's interpretation and application of R.C. 2935.12 in his case.
 {¶ 15} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 16} "The defendant-appellant's right to appeal the maximum sentence imposed."
 {¶ 17} Defendant was sentenced to the maximum available term of incarceration upon his conviction for aggravated trafficking in drugs. R.C. 2953.08(A)(1) confers an automatic right of appeal when a maximum sentence is imposed. Paragraph (F)(2) of R.C. 2953.08 provides that upon review the appellate court may increase, reduce, or modify the sentence imposed, or vacate the sentence and remand for resentencing, if the appellate court "clearly and convincingly finds" either (1) that the record does not support certain statutory findings the trial court was required to make or (2) "that the sentence is otherwise contrary to law."Id.
 {¶ 18} R.C. 2953.08(F)(2) does not create a right of de novo review. The relief an appellate court may grant is predicated on a finding of error of one or both of the two kinds that section identifies. Further, as in any appeal, App.R. 16(A)(2) requires an appellant to identify, specifically, the alleged error the trial court committed.
 {¶ 19} Defendant-Appellant's attorney states that she is unable to identify any error with respect to the sentences the court imposed. Absent that, we are not required by R.C 2953.08 to review the record to ferret out whatever error may have occurred.
 {¶ 20} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.