OPINION
{¶ 1} Defendant, Ronnie Carson, appeals from his convictions and sentences for aggravated robbery and felonious assault with firearm specifications.
{¶ 2} As a result of his participation in a violent armed robbery, Defendant was indicted on three counts of aggravated robbery involving use of a deadly weapon, R.C. 2911.01(A)(1), three counts of felonious assault involving serious physical harm, R.C. 2903.11(A)(1), and three counts of felonious assault involving use of a deadly weapon, R.C. 2903.11(A)(2). A three year firearm specification, R.C. 2941.145, was attached to all of the charges.
{¶ 3} Defendant filed a motion to suppress both the identifications made by witnesses who viewed a photospread and statements he made to police. Following a hearing, the trial court overruled Defendant's motions to suppress. Defendant entered into a plea agreement with the State whereby he entered pleas of guilty to two counts of aggravated robbery with firearm specifications and three counts of felonious assault with specifications of causing serious physical harm and also with firearm specifications. In exchange, the State dismissed the remaining charges and specifications. Additionally, the parties agreed that the total sentence to be imposed would be not less than ten nor more than twenty-five years.
{¶ 4} The trial court sentenced Defendant to concurrent terms of seven years on each count of aggravated robbery. The court also sentenced Defendant to five years on each of the three counts of felonious assault, to be served consecutively to each other but concurrent with the aggravated robbery sentences. The trial court merged the firearm specifications on the two aggravated robbery charges, and ordered them to be served concurrently with the three year terms on each of the three firearm specifications attached to the felonious assault charges, which must be served consecutively with and prior to the definite terms of imprisonment. Thus, Defendant received a total aggregate sentence of twenty-four years.
{¶ 5} Defendant timely appealed to this court from his convictions and sentences.
{¶ 6} FIRST ASSIGNMENT OF ERROR
{¶ 7} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE GAINED IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS."
{¶ 8} Unlike a plea of no contest, a plea of guilty waives any error on the part of the trial court in failing to suppress evidence. State v. Jackson (Jan. 16, 2004), Clark App. No. 02-CA-39, 2004-Ohio-165; Huber Heights v. Duty (1985),27 Ohio App.3d 244. Defendant's voluntary guilty pleas waived the error he now assigns.
{¶ 9} The first assignment of error is overruled.
{¶ 10} SECOND ASSIGNMENT OF ERROR
{¶ 11} "APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
{¶ 12} Defendant complains that his trial counsel failed to adequately cross-examine the State's witnesses at the suppression hearing concerning the reliability of their identifications of Defendant from a photospread. Entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary. State v. Capper (Nov. 13, 1998), Clark App. No. 97-CA-94; State v. Barnett (1991),73 Ohio App.3d 244. See also: State v. Spates, 64 Ohio St.3d 269,1992-Ohio-130. No such claim is made here. Thus, Defendant's guilty pleas waived the error he now assigns.
{¶ 13} The second assignment of error is overruled.
{¶ 14} THIRD ASSIGNMENT OF ERROR
{¶ 15} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT WAS EXCESSIVE AND CONTRARY TO LAW AND IN FAILING TO MAKE APPROPRIATE FINDINGS ON THE RECORD."
{¶ 16} Defendant argues that the trial court erred in failing to make the findings required by R.C. 2929.14(B) in order to impose more than the minimum sentence upon him. That constitutes a claim that his sentence is contrary to law. He additionally complains that his sentence is excessive or too severe.
{¶ 17} The State responds that because Defendant's sentence was an "agreed sentence," it is not reviewable on appeal pursuant to R.C. 2953.08(D). We agree.
{¶ 18} R.C. 2953.08(D) provides, in pertinent part:
{¶ 19} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
{¶ 20} In our view the essence of the above provision is that a defendant who has agreed to the sentence the court imposed thereby waives his or her right to appellate review of that sentence when that sentence is one authorized by law. Further, the waiver applies to any of the grounds for appeal that R.C.2953.08(A) allows, including that the sentence is "contrary to law." R.C. 2953.08(A)(4).
{¶ 21} The parties agreed as part of their plea agreement that Defendant's sentence would be within a specific range: not less than ten nor more than twenty-five years. That constitutes an agreed sentence if the sentence imposed falls within the agreed range. Griffin Katz, Ohio Felony Sentence Law, (2003), at p. 679.
{¶ 22} In describing this plea agreement the prosecutor stated:
{¶ 23} "And we've, uh . . . reached a sentencing range agreement that the sent — the Defendant would be sentenced to ten yea — no less than ten years and no more than twentyfive years for his offenses and Your Honor would be the, uh . . . uh . . . pick the actual number of years.
{¶ 24} "JUDGE KESSLER: All right.
{¶ 25} "Mr. Gabel, is that a correct statement of the plea agreement in the case?
{¶ 26} "MR. GABEL: Yes, Your Honor."
{¶ 27} In discussing the plea agreement with Defendant, the trial court stated:
{¶ 28} "JUDGE KESSLER: Just so the record is clear and the Court wants to acknowledge that the — there is an agreed sentence range of between ten years minimum and twenty-five years maximum, that the Court will select sentences for these offenses and specifications within that range.
{¶ 29} "Do you understand?
{¶ 30} "MR. CARSON: Yes, sir."
{¶ 31} By agreeing to a sentence within a specific range, the parties agreed to the imposition of any sentence that falls within that range. The trial court's sentence in this case, a total of twenty-four years, unquestionably falls within the ten to twenty-five year agreed upon range. Moreover, the sentence the court imposed is clearly authorized by law, inasmuch as Defendant faced a total maximum sentence on all counts and specifications of fiftynine years. Because all three conditions set out in R.C.2953.08(D) are satisfied in this case, Defendant has waived his right to appeal his sentence. See: State v. Chaney (August 8, 2002), Cuyahoga App. No. 80496, 2002-Ohio-4020.
{¶ 32} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.