OPINION
{¶ 1} Defendant, David E. Kidd, appeals from his conviction and sentence for trafficking in crack cocaine.
 {¶ 2} Defendant was indicted on one count of engaging in a pattern of corrupt activity, R.C. 2923.32, one count of possession of crack cocaine, R.C. 2925.11, five counts of possession of criminal tools, R.C. 2923.24, and six counts of trafficking in crack cocaine, R.C. 2925.03. Several of the trafficking charges contained specifications that the offense occurred within one thousand feet of a school, as well as property forfeiture specifications involving a 1987 Camaro automobile.
 {¶ 3} Pursuant to a negotiated plea agreement, Defendant entered guilty pleas to two counts of trafficking in crack cocaine, counts four and six, which are second degree felonies with the accompanying school and property forfeiture specifications. In exchange, the State dismissed the other pending charges and specifications.
 {¶ 4} The trial court sentenced Defendant in accordance with an "agreed sentence" to five years on each count of drug trafficking to be served consecutively, for a total of ten years imprisonment. The court also imposed mandatory fines totaling fifteen thousand dollars, a five year driver's license suspension, and ordered the 1987 Camaro forfeited along with one thousand four hundred seventy four dollars in cash.
 {¶ 5} On September 18, 2003, we granted Defendant leave to file a delayed appeal.
 {¶ 6} First Assignment of Error.
 {¶ 7} "There is police misconduct when officers initiate and implement manipulative strategies in order to precipitate the commission of a crime."
 {¶ 8} Second Assignment of Error.
 {¶ 9} "Prosecutorial misconduct is committed when a prosecutor furthers entrapment of defendant by submitting false information to a grand jury and soliciting a guilty plea based on that false information."
 {¶ 10} In these two assignments of error Defendant argues with respect to the drug trafficking charges of which he was convicted that (1) the police entrapped him, that is induced him to commit a crime he was not otherwise predisposed to commit, and (2) the prosecutor engaged in misconduct by presenting false information to the grand jury regarding the actual quantity of crack cocaine Defendant sold to the confidential police informant.
 {¶ 11} Unlike a plea of no contest, a plea of guilty waives all appealable errors that may have occurred at trial, unless such errors precluded the defendant from entering a knowing and voluntary guilty plea. State v. Barnett (1991),73 Ohio App.3d 244; State v. Kelley (1991), 57 Ohio St.3d 127. Defendant's contentions that police improperly induced him to sell drugs and that the prosecutor misrepresented to the grand jury the amount of drugs Defendant sold do not implicate a claim that his later waiver of his constitutional trial rights and entry of his guilty plea were less than knowing and voluntary. Thus, Defendant's guilty pleas waived the errors he now assigns.
 {¶ 12} The first and second assignments of error are overruled.
 {¶ 13} Third Assignment of Error.
 {¶ 14} "Trial counsel is ineffective when he fails to protect his client's civil rights throughout the criminal proceedings and including the sentencing process."
 {¶ 15} Defendant complains that his trial counsel was ineffective because he failed to adequately examine the crime lab reports, which would have revealed a discrepancy between the amount of crack cocaine Defendant actually sold, which when tested was 3.10 grams on one occasion and 4.55 grams on another, and the charges in the indictment specifying that Defendant had sold or offered to sell crack cocaine in an amount exceeding five grams but in an amount less than ten grams. According to Defendant, defense counsel should have used the lab reports to attack the validity of the indictment and prevent Defendant from being overcharged.
 {¶ 16} Entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary. Statev. Carson (October 22, 2004), Montgomery App. No. 20285.2004-Ohio-5809. That is not the claim made here. Thus, Defendant's guilty pleas waived the error he now assigns. Id.
 {¶ 17} In any event, we note that Defendant was charged with and pled guilty to selling or offering to sell crack cocaine in an amount exceeding five grams but less than ten grams. The State asserts that in both of the drug transactions at issue, Defendant offered to sell one fourth of an ounce of crack cocaine, more than seven grams, to a confidential informant for a specific price. In each instance, however, Defendant sold the informant a quantity of crack cocaine lesser in weight than Defendant represented it was.
 {¶ 18} The fact that Defendant short changed the informant during each drug sale does not affect the amount Defendant offered to sell or the validity of the charge. Defense counsel did not perform deficiently by failing to challenge the indictment.
 {¶ 19} In accepting Defendant's guilty pleas the trial court complied with Crim. R. 11, and the record of the plea hearing demonstrates that Defendant understood the trial rights he was waiving, the nature of the offense and the applicable penalties, and that he knowing and voluntarily waived his rights and entered his pleas.
 {¶ 20} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.