DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the judgment of the Huron County Court of Common Pleas wherein, on June 6, 2005, appellant, Norvell McIntire, pled guilty to trafficking in marihuana, in violation of R.C. 2925.03(A)(1) and (C)(3)(a), and trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and (C)(4)(a), each being a felony of the fifth degree. Immediately upon entering his pleas of guilty, and in accordance with the agreement of the parties, appellant was sentenced to serve 12 months on each count, to be served concurrently.
 {¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. Anders
and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. InAnders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 3} In this case, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. In support of his request, counsel for appellant states that, after carefully reviewing the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find an arguable, non-frivolous issue for appeal. Counsel for appellant does, however, set forth the following potential issue:
 {¶ 4} "The court erred in sentencing the Defendant without the aid of a pre-sentence investigation report."
 {¶ 5} Upon a thorough review of the record, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present in this case. With respect to appellant's counsel's potential assignment of error concerning the court's sentencing him without the aid of a presentence investigation report, we find that the court operated in compliance with its duties and with appellant's rights during sentencing.
 {¶ 6} As part of his plea agreement, appellant agreed to be sentenced to a total of 12 months for both offenses. Rather than being referred for a presentence investigation report, appellant requested the trial court to sentence him immediately. A trial court is not required to order a presentence report, pursuant to Crim.R. 32.2(A) or R.C. 2951.03, in a felony case when probation is not granted. State v. Cyrus (1992), 63 Ohio St.3d 164, syllabus. Moreover, when a sentence imposed "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge," the sentence is not subject to review. R.C. 2953.08(D); andState v. Carson, 2d Dist. No. 20285, 2004-Ohio-5809, ¶ 20.
 {¶ 7} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.