OPINION
{¶ 1} Defendant, Kevin Strodes, appeals from his conviction and sentence for murder.
 {¶ 2} As a result of Defendant's participation in a robbery and shooting during the early morning hours of September 2, 2004, at 821 Southfield Avenue in Springfield, Defendant was indicted on one count of murder, R.C. 2903.02(B), and one count of aggravated robbery, R.C. 2911.01(A)(1). A firearm specification was attached to each charge.
 {¶ 3} Defendant filed a Crim.R. 12(C)(3) motion to suppress statements he gave to police. The trial court overruled that motion following a hearing. Subsequently, Defendant entered into an agreement with the State to plead guilty to the murder charge. In exchange, the State dismissed the firearm specification attached to the murder charge, the aggravated robbery charge, and two other pending cases: Case No. 05CR298 and 05CR329.
 {¶ 4} At the sentencing hearing before the trial court imposed sentence, Defendant asked to withdraw his guilty plea. Defendant claimed he did not understand how he could be convicted of murder when he is not the person who pulled the trigger. After a hearing, the trial court overruled Defendant's motion to withdraw his plea. The trial court then sentenced Defendant to fifteen years to life. Defendant timely appealed to this court from his conviction and sentence.
 {¶ 5} SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED TO APPELLANT'S DETRIMENT WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA PRIOR TO THE SENTENCING."
 {¶ 7} Defendant argues that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea. Specifically, Defendant claims that his plea was not entered knowingly and voluntarily because he was confused and did not understand how he could be found guilty of murder when he was not the shooter. Additionally, Defendant claims that he is innocent because, while he was present in the house and engaged in illegal drug sales, he was not involved with either the robbery or the shooting which resulted in the victim's death.
 {¶ 8} In State v. Andriacco (Oct. 21, 2005), Miami App. No. 05CA3, 2005-Ohio-5572, this court observed:
 {¶ 9} "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. State v. Xie (1992), 62 Ohio St.3d 521. The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id. No abuse of discretion is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980),68 Ohio App.2d 211." (Opinion at p. 4).
 {¶ 10} At the sentencing hearing but prior to being sentenced, Defendant asked to withdraw his guilty plea. As his reason for wanting to withdraw his plea, Defendant told the trial court that he was confused and did not understand how he could be charged with and convicted of murder when he was not the person who actually pulled the trigger. Defendant also claimed that he did not understand having to serve an indefinite fifteen years to life sentence. Defendant acknowledges that he was present and selling drugs to people inside the house where the shooting occurred, but he denies participating in the robbery or shooting that led to the victim's death.
 {¶ 11} Defendant's mother testified at the hearing held on Defendant's motion to withdraw his guilty plea, that Defendant has ADHD and has difficulty understanding and comprehending things. On cross-examination, however, she admitted that Defendant did not wish to plead guilty to an offense that carried a life sentence, preferring instead a definite sentence, and that he knew the difference. Furthermore, the facts of this case were reviewed with Defendant before he entered his plea, and he was adamant then, as he is now, that he wasn't involved in the robbery and shooting but was merely selling drugs. Defendant's mother acknowledged that even when Defendant is not taking his medication he needs for his attention deficit disorder, he remains capable of focusing and concentrating on things, like video games, for up to one hour.
 {¶ 12} A review of the plea proceeding reveals that the State's recitation of facts on the record included an assertion that Defendant discussed with his two co-defendants robbing at least one of the people at this house because of the large amount of cash in their possession, which Defendant had discovered while selling drugs. Defendant told the trial court that he understood the facts the prosecutor recited into the record and the nature of the charge to which he was pleading guilty, which the court had explained to him. Defendant further told the court that he understood the only sentence the court could impose was fifteen years to life.
 {¶ 13} In concluding that Defendant had failed to demonstrate a reasonable and legitimate basis for withdrawal of his guilty plea, the trial court noted that Defendant had no problem giving his full and undivided attention during the plea hearing. He listened to questions the court asked, and he responded appropriately. The court found no merit in Defendant's claims that he didn't understand what was going on during the plea hearing, and specifically didn't understand the potential sentence. The court pointed out that the delay during the plea negotiations in this case resulted from the fact that Defendant wanted a definite flat sentence, with a date certain on which he would be released, rather than a mandatory indefinite sentence of fifteen years to life, which put control of Defendant's release date in the hands of the Adult Parole Authority. Defendant clearly understood the difference, and he knew that the only sentence the court could impose on him was the indefinite sentence of fifteen years to life.
 {¶ 14} We agree with the trial court that this record simply does not support Defendant's claim that he didn't understand what was going on at the time he entered his guilty plea. In fact, the record refutes Defendant's contention.
 {¶ 15} Defendant understood quite well the difference between a definite sentence, which is what he wanted, and the mandatory indefinite fifteen years to life that Defendant knew the trial court was required to impose on him. Furthermore, the recitation of facts at the plea hearing amply demonstrates Defendant's involvement in a plan to rob people at this house, where Defendant was selling drugs, which ultimately resulted in the death of the victim. Defendant told the trial court that he understood the facts and the nature of the felony murder charge to which he was pleading guilty.
 {¶ 16} We conclude from these facts and circumstances, plus the fact that all four Peterseim factors are present in this case, that a reasonable and legitimate basis for withdrawal of Defendant's guilty plea has not been demonstrated. Rather, it appears that, after reflecting on the lengthy indefinite sentence up to life imprisonment that he was facing, Defendant merely had a change of heart, which is not sufficient justification for withdrawal of his guilty plea. State v. Funderburg (Nov. 22, 2002), Montgomery App. No. 18932, 2002-Ohio-6371. The trial court did not abuse its discretion in denying Defendant's motion to withdraw his plea.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} FIRST ASSIGNMENT OF ERROR
 {¶ 19} "THE TRIAL COURT ERRED TO APPELLANT'S DETRIMENT WHEN IT DENIED THE APPELLANT'S MOTION TO SUPPRESS."
 {¶ 20} Defendant argues that the trial court erred in failing to suppress the statements he made to police.
 {¶ 21} Unlike a plea of no contest, a plea of guilty waives any error on the part of the trial court in failing to suppress evidence. State v. Carson (Oct. 22, 2004), Montgomery App. No. 20285, 2004-Ohio-5809; State v. Jackson (Jan. 16, 2004), Clark App. No. 02-CA-39, 2004-Ohio-165; Huber Heights v. Duty (1985),27 Ohio App.3d 244. Defendant's voluntary guilty plea waived the error he now assigns.
 {¶ 22} The first assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. And Donovan, J., concur.