OPINION
{¶ 1} After the trial court denied his Crim.R. 12(C)(3) motion to suppress evidence, Defendant, Jeremy Hatton, entered pleas of guilty to one charge of aggravated robbery, R.C.2911.01(A)(3), and two charges of complicity to commit forgery, R.C. 2923.03(A)(3) and 2913.31(A)(1). The trial court accepted the guilty pleas, and Hatton was convicted on his pleas and sentenced pursuant to law. He filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 2} "APPELLANT HATTON WAS DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 3} The Sixth Amendment right to counsel in criminal proceedings presumes a concomitant right to the effective assistance of counsel in representing the legal interests of the accused. Strickland v. Washington (1984), 466 U.S. 168,104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 4} Counsel's performance will not be deemed ineffective unless and until it is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice is shown to have arisen from counsel's deficient performance.Strickland. To show that he was prejudiced by his counsel's deficient performance, a criminal defendant must demonstrate that, were it not for counsel's errors, the result of the trial or proceeding would have been different. Strickland; State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 5} Defendant Hatton argues that his trial counsel performed deficiently by allowing him to plead guilty rather than no contest, because as a consequence of his guilty pleas Hatton waived his right to argue on appeal any errors arising from the trial court's denial of his motion to suppress evidence. In support of his contention, Hatton argues the merits of his motion to suppress, reiterating the claims rejected by the trial court: that police lacked the reasonable suspicion of criminal activity necessary to stop and detain Defendant for investigation, and that a statement he made to police was involuntary because it was obtained by deceit and trickery and was not preceded by a knowing and voluntary waiver of Miranda rights. However, as Hatton's argument concedes, these arguments are unavailing.
 {¶ 6} A guilty plea waives ineffective assistance of counsel claims, except to the extent that counsel's alleged deficient performance caused the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary. Statev. Carson (Oct. 22, 2004), Montgomery App. No. 20285,2004-Ohio-5809; State v. Barnett (1991), 73 Ohio App.3d 244;State v. Spates, 64 Ohio St.3d 269, 1992-Ohio-130. Defendant does not argue that his guilty pleas were involuntary. Neither does he argue that he entered the pleas absent an understanding of those rights he waived as a result, concerning which, per Crim.R. 11(C), the court was required to determine his understanding of the right and its waiver. That his guilty plea waived his right to argue on appeal that the trial court erred when it denied his motion to suppress evidence is not one of those matters. Thus, Defendant's guilty pleas waived the error he now assigns.
 {¶ 7} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.