DECISION.
{¶ 1} Defendant-appellant Quincy Jones pled guilty to trafficking in heroine and possession of cocaine after the trial court denied his motion to suppress. An agreed sentence of three years was imposed on Jones.
 {¶ 2} Jones raises two assignments of error on appeal. He alleges that he received ineffective assistance of counsel and that his plea was not voluntary. Because neither assignment has merit, we affirm.
 Ineffective Assistance {¶ 3} Jones alleges that his counsel was ineffective for failing to advise him that a no-contest plea, as opposed to a guilty plea, would have preserved his right to contest the denial of his motion to suppress.
 {¶ 4} To prevail on a claim for ineffective assistance of counsel, an appellant must demonstrate that counsel's performance was deficient and that the appellant was prejudiced by the deficient performance.[1]
 {¶ 5} Here, Jones' allegation of his counsel's deficient performance is based upon a communication outside the record. Under these circumstances, we cannot review his claim. "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of R.C. 2953.21."[2] We overrule Jones' first assignment of error.
 Jones' Plea was Voluntary {¶ 6} In his second assignment of error, Jones alleges that the trial court did not comply with Crim.R. 11(C). Jones argues that his plea was not entered into voluntarily because the trial court failed to inform him that a guilty plea waived his right to contest the denial of his motion to suppress.
 {¶ 7} Crim.R. 11(C) applies when a defendant has pled guilty or no contest to a felony. The rule requires a court to determine that the defendant is entering into the plea voluntarily, with an understanding of the maximum penalty involved and the effects of the plea. The court must also inform the defendant that he or she is waiving various rights, including "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."[3]
 {¶ 8} This rule specifically enumerates the rights that a trial court must discuss with a defendant. The fact that a guilty plea waives the defendant's right to contest various pretrial motions, including a motion to suppress, is not one of these specifically enumerated rights.[4] We hold that, before accepting a guilty plea, a trial court need not inform a defendant that he or she is waiving the right to contest the denial of a motion to suppress.
 {¶ 9} The trial court complied with Crim.R. 11(C) in all regards, and Jones entered into his plea voluntarily.
 {¶ 10} Jones' second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
[1] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
[2] State v. Coleman, 85 Ohio St.3d 129, 134, 1999-Ohio-258,707 N.E.2d 476.
[3] Crim.R. 11(C)(2)(c).
[4] See State v. Hatton, 2nd Dist. No. 21153, 2006-Ohio-2670, ¶ 6; State v. Kidd, 12th Dist. No. CA2001-11-021, 2002-Ohio-6394, ¶ 29; State v. Kelly (Oct. 25, 1990), 8th Dist. No. 57601.