DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jason W. Dallas, appeals from the judgment of the Wayne County Municipal Court. We affirm.
 I. {¶ 2} On August 5, 2005, Appellant was stopped for failure to wear a seatbelt, in violation of R.C. 4513.263, one count of loud exhaust, in violation of R.C. 4513.22, and failure to use a turn signal, in violation of R.C. 4511.39. Further, Appellant was driving with a suspended license, in violation of R.C. 4510.16, and was in possession of marijuana, in violation of R.C. 2925.11. Subsequently, the charges for failure to wear a seatbelt, loud exhaust, and failure *Page 2 
to use a turn signal were dismissed. On April 3, 2006, Appellant was found guilty of driving with a suspended license and possession of marijuana. It is not clear from the record whether Appellant pled guilty or no-contest to these charges. At the April 3, 2006 hearing, the trial court explained to Appellant the constitutional rights he would be giving up by "changing your plea from not guilty to guilty". (Emphasis added.) Appellant acknowledged, in open court, that he understood the implications of a guilty plea. However, on his written waiver of rights, Appellant checked that he had pled no contest. In the trial court's journal entry of the initial appearance/arraignment, the court noted that Appellant changed his plea to guilty. As the trial court speaks through its journal entry, and Appellant has not asserted any argument to the contrary, we find Appellant pled guilty to the charges at issue. Appellant was sentenced to 180 days incarceration and one year suspended license. Appellant timely appealed from his convictions, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "MY ATTORNEY DID NOT PROPERLY REPRESENT [ME] BECAUSE HE REFUSED TO ALLOW ME TO PUT INTO EVIDENCE MY OWN EVIDENCE, KNOWING BY HIS OWN ADMISSION, THAT THIS ARRESTING OFFICER OF DOYLESTOWN WAS KNOWN TO HAVE MADE UNTRUE STATEMENTS ON SEVERAL OCCASIONS BEFORE MY CASE." *Page 3 
 {¶ 3} In Appellant's first assignment of error, he argues that his counsel was ineffective.
 {¶ 4} We first note that Appellant has not set forth "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). See, also, Loc.R. 7(B)(7). Appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his arguments in support. Angle v. Western Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7). As Appellant's argument fails to comply with the foregoing appellate rule requirements, he has failed to meet his burden on appeal. This Court, therefore, is permitted to disregard his argument in its entirety. Loc.R. 7(F). "If an argument exists that can support [Appellant's contentions], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. Further, according to the trial court's journal entry and the transcript of the proceedings, Appellant pled guilty to the charges from which he is now appealing. "A guilty plea waives ineffective assistance of counsel claims, except to the extent that counsel's alleged deficient performance caused the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary." State v. Hatton, 2d Dist. No 21153, 2006-Ohio-2670, *Page 4 
at ¶ 6, citing State v. Carson, 2d Dist. No. 20285, 2004-Ohio-5809, at ¶ 12. We also note that in his "Argument and Law," Appellant attempts to assign error to the alleged failure of the arresting officer to advise him of his Miranda rights as well as other procedural due process issues. As these issues were not raised below, Appellant has effectively waived these arguments for purposes of appeal. Appellant has not complied with App.R. 16(A) and Local Rule 7(B)(7) by again failing to support his contentions with citations to appropriate authority or citations to the record below. Therefore, as Appellant has failed to meet his burden on appeal, his first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "ON APRIL 4, 2006, I FILED A PRAECIPE FOR DEMAND FOR OFFICIALS OATHS AND BONDS, I WAS INFORMED THAT THE ASSISTANT PROSECUTING ATTORNEY, BECAUSE HE WAS HIRED, DID NOT TAKE, OR REQUIRE AN OATH OF OFFICE. THEREFORE HE IS NOT HELD TO THE SAME STANDARDS TO TELL THE TRUTH, UPHOLD THE LAW, THE CONSTITUTION OF THE UNITED STATES, OR THE STATE OF OHIO."
 {¶ 5} It appears to this Court that Appellant argues that the prosecuting attorney did not produce evidence that his assistant prosecuting attorney had a valid, up-to-date affidavit of his oath and bond on file as is required by law. We find no merit in this contention.
 {¶ 6} Under Crim.R. 47, a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." Appellant pled guilty and was sentenced on April 3, 2006. Appellant filed his *Page 5 
"Praecipe for demand of official oaths and bonds" ("Praecipe") on April 4, 2006. It is unclear to whom this motion was addressed and what information and relief Appellant sought. Because of the lack of clarity, we find that Appellant failed to comply with Crim.R. 47. Despite this failure, we have attempted to untangle Appellant's filings to discern the objective of the Praecipe and subsequent motion. We glean from the record that Appellant was attempting to engage in discovery. In his Praecipe he makes a "Demand for Bond Forfeiture" that appears to be a request for production of documents under Crim.R. 16. In his subsequent motion regarding fiduciary agent in charge of bonds, it appears Appellant is propounding interrogatories either upon the prosecutor or upon the court. Regardless of Appellant's intentions, Crim.R. 16(F) requires that "defendant shall make his motion for discovery within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier[.]" Appellant's Praecipe and his motion regarding fiduciary agent were both filed after his conviction and sentencing on April 3, 2006. Therefore, any attempt at discovery was untimely. Accordingly, we find that trial court was correct in finding the motions were not cognizable under law and properly overruled them. *Page 6 
 III. {¶ 7} Appellant's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 7 
WHITMORE, P. J. CONCURS