OPINION
{¶ 1} Defendant, Matthew Mackendrick, was indicted on two counts of rape of a child under ten years of age, R.C. 2907.02(A)(1)(b), (B), and two counts of gross sexual imposition involving a child under thirteen years of age, R.C. 2907.05(A)(4). Pursuant to a negotiated plea agreement, *Page 2 
Defendant was charged by way of bill of information with one count of rape of a child under thirteen, R.C. 2907.02(A)(1)(b), and Defendant entered pleas of guilty to that charge and count four of the indictment, gross sexual imposition involving a child under thirteen. In exchange, the State dismissed the remaining charges, and the parties agreed that Defendant would be sentenced within a specific range, between five and ten years, on both charges. The trial court accepted Defendant's guilty pleas and sentenced him to concurrent prison terms of ten years for rape and five years for gross sexual imposition.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 3} Defendant's appellate counsel has identified one possible issue for appeal, that the trial court abused its *Page 3 
discretion with respect to the sentence it imposed. The parties agreed as part of their plea agreement that Defendant's sentence would be within a specific range, not less than five nor more than ten years, on both charges. The sentence imposed by the trial court clearly falls within that agreed upon range, i.e. concurrent terms of ten years for rape and five years for gross sexual imposition. Furthermore, the sentences imposed were authorized by law. The rape charge is a felony of the first degree which carries a prison term of three, four, five, six, seven, eight, nine or ten years. R.C. 2929.14(A)(1). The gross sexual imposition charge is a felony of the third degree that carries a prison term of one, two, three, four or five years. R.C. 2929.14(A)(3). Under these circumstances Defendant's sentence was an "agreed sentence" that is not reviewable on appeal per R.C. 2953.08(D). State v. Carson, Montgomery App. No. 20285, 2004-Ohio-5809. This assignment of error lacks arguable merit.
 {¶ 4} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed. *Page 4 
BROGAN, J. And DONOVAN, J., concur.
Copies mailed to:
Carley J. Ingram, Esq.
Mark A. Fisher, Esq.
Matthew Scott Mackendrick
 Hon. A. J. Wagner *Page 1