[Cite as *State v. Strodes*, 2011-Ohio-1828.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :     C.A. CASE NO. 10CA0051

vs.                              :     T.C. CASE NO. 94CR0713

KEVIN T. STRODES                 :     (Criminal Appeal from
                                      Common Pleas Court)
    Defendant-Appellant          :

. . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2011.

. . . . . . . .

Andrew D. Wilson, Pros. Attorney; Atty, Reg. No. 0073767; Andrew
R. Picek, Asst. Pros. Attorney, Atty. Reg. No.0082121, P.O. Box
1608, 50 E. Columbia Street, Springfield, OH 45501
    Attorneys for Plaintiff-Appellee

George A. Katchmer, Atty. Reg. No.0005031, 115 Brookside Drive,
Yellow Springs, OH 45387
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Kevin Strodes, appeals from the trial court's

denial of his Crim.R. 32.1 motion to withdraw his guilty plea to

the offense of murder, R.C. 2903.02(B).

{¶ 2} Following his indictment on multiple charges, Strodes

entered a negotiated guilty plea to the offense of murder on May

2, 2005.  The State dismissed the other charges.  Sentencing was scheduled for May 13, 2005.

{¶ 3} At the sentencing hearing, before his sentence was imposed, Strodes moved pursuant to Crim.R. 32.1 to withdraw his guilty plea.  The trial court heard evidence on the motion, which included evidence that Strodes is afflicted with Attention Deficit and Hyperactivity Disorder ("ADHD") and as a result didn't understand the plea proceedings.  The trial court denied Strodes' motion to withdraw.  The court entered its judgment of conviction on May 16, 2005, sentencing Strodes to serve a term of incarceration of from fifteen years to life.

{¶ 4} Strodes filed a notice of appeal from his conviction.  He argued that the trial court erred when it denied his motion to withdraw, because his ADHD condition prevented him from entering a knowing, intelligent, and voluntary guilty plea.  After reviewing the record, we found that the record of the hearing on his motion to withdraw refutes Strodes' contention that he didn't understand what was going on when he entered his guilty plea. *State v. Strodes*, Clark App. No. 05CA0070, 2006-Ohio-2335, ¶11.  We therefore overruled the error Strodes assigned and affirmed his conviction.  *Id.*

{¶ 5} On March 18, 2010, Strodes filed a second Crim.R. 32.1 motion to withdraw his guilty plea.  The motion was predicated

on a claim of ineffective assistance of counsel. Strodes argued that his trial counsel was ineffective for failing to review his medical records, which would have informed counsel that Strodes had not used medications necessary to manage his ADHD condition before he entered his guilty plea. Had counsel done that, according to Strodes, his counsel would have better been able to explain the plea proceedings to Strodes and better able to inform the court about Strodes' ADHD condition and its effect.

{¶ 6} The trial court denied Strodes' Crim.R. 32.1 condition, without a hearing on April 14, 2010. Strodes filed a notice of appeal from that order.

### ASSIGNMENT OF ERROR

{¶ 7} "THE COURT ERRED IN DENYING THE APPELLANT A HEARING IN THIS MATTER."

{¶ 8} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arose from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different.

*Id.*, *State v. Bradley* (1989), 42 Ohio St.3d 136.

{¶ 9} Under the doctrine of res judicata, "[a] point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Norwood v. McDonald* (1943), 142 Ohio St.299, paragraph three of the Syllabus by the Court.

{¶ 10} In the prior appeal, we found that Strodes' ADHD condition did not prevent him from entering a knowing, intelligent, and voluntary guilty plea. Our finding concerning that fact precludes a showing that Strodes was prejudiced by his counsel's alleged failure to obtain and review Strodes' medical records concerning his ADHD condition. Absent a showing that the outcome of the proceeding in which the defective performance by counsel took place would have been different, but for the defect alleged, a claim of ineffective assistance of counsel is not shown. *Strickland; Bradley.*

{¶ 11} The assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J. And HALL, J., concur.


Copies mailed to:

Andrew R. Picek, Esq.
George A. Katchmer, Esq.
Hon. Douglas M. Rastatter