[Cite as *State v. Barron*, 2018-Ohio-1221.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-46 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-387 |
| | : | |
| JONATHON BARRON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of March, 2018.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 W. Second Street, Suite 1502, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Jonathon Barron appeals from his conviction and sentence following a negotiated guilty plea to two counts of having weapons while under disability with forfeiture specifications.

{¶ 2} In his sole assignment of error, Barron challenges the trial court's ruling on a suppression motion he filed prior to his guilty plea.

{¶ 3} The record reflects that Barron was a passenger in a red car that was stopped for a traffic violation. During the stop, police arrested him for previous conduct including obstructing official business and driving under suspension. After permitting the driver to leave the scene, police remembered that they had seen Barron place items in the car's trunk prior to the traffic stop. They located the red car again and made contact with the driver, who already had parked the car. The driver consented to opening the trunk and pointed out items belonging to Barron, including a backpack. The driver allowed police to look inside the backpack, which contained gun cases and ammunition. The backpack was taken to the police department where it was inventoried and loaded handguns were found inside.

{¶ 4} After being charged with two counts of having weapons while under disability, Barron moved to suppress the handguns and other items found in the backpack. The trial court overruled the motion following a hearing. (Doc. # 43). Barron then entered into a negotiated plea agreement. In exchange for his guilty plea to the indictment, the State agreed to defer to a presentence-investigation report and to recommend concurrent sentences. (Tr. at 144-145). The trial court accepted the plea and made a finding of guilt. Consistent with the plea agreement, it imposed concurrent twenty-four-month prison

sentences and ordered forfeiture of the firearms.

{¶ 5} On appeal, Barron challenges only the trial court's suppression ruling. He contends the search of the backpack was unlawful. As the State notes, however, Barron's guilty plea waives his ability to challenge the suppression ruling on appeal. *See*, *e.g.*, *State v. Guerry*, 2d Dist. Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 5, citing *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. Moreover, any error in the suppression ruling necessarily would be harmless where Barron's conviction resulted from his guilty plea and none of the evidence at issue was admitted against him. *Id.* Finally, although Barron has not raised the issue, we cannot say that allowing him to plead guilty rather than no-contest constituted ineffective assistance of counsel where the plea was a negotiated one. In exchange for a guilty plea, the State agreed to sentencing-related concessions. Nothing in the record indicates that the State would have made the same concessions in exchange for a no-contest plea. *See State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 17.

{¶ 6} For the foregoing reasons, we overrule Barron's assignment of error and affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.

Copies mailed to:

Nathaniel R. Luken
Kristin L. Arnold
Hon. Michael A. Buckwalter