[Cite as *State v. Jones*, 2022-Ohio-2603.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-678 |
| | : | |
| CHRISTOPHER R. JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 29th day of July, 2022.

· · · · · · · · · · ·

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
    Attorney for Defendant-Appellant

· · · · · · · · · · · ·

TUCKER, P.J.

{¶ 1} Christopher R. Jones appeals from his conviction following a negotiated guilty plea to one count of involuntary manslaughter with a forfeiture specification.

{¶ 2} In two assignments of error, Jones challenges the trial court's overruling of a suppression motion he filed prior to his plea. We conclude that Jones' guilty plea waived his ability to challenge the suppression ruling on appeal. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} A grand jury indicted Jones on charges of involuntary manslaughter, corrupting another with drugs, and heroin trafficking. The indictment included a forfeiture specification pertaining to seized drugs and contraband.

{¶ 4} Jones subsequently moved to suppress certain statements he made and the results of a cell-phone search. The trial court overruled the motion after an evidentiary hearing. Following the trial court's ruling, Jones entered into a plea agreement with the State. In exchange for his guilty plea to involuntary manslaughter, the State agreed to dismiss the other charges and agreed to a seven-year prison sentence. The State further agreed to dismiss a second criminal case against Jones and not to prosecute him for any other known criminal activity. The trial court accepted the guilty plea and imposed the agreed sentence.

## II. Analysis

{¶ 5} On appeal, Jones challenges only the trial court's suppression ruling. He

contends the trial court should have suppressed a statement he made about missing his cell phone. He also claims a search warrant for the cell phone was insufficient. As the State notes, however, Jones' guilty plea waived his ability to challenge the trial court's suppression ruling. *State v. Barron*, 2d Dist. Greene No. 2017-CA-46, 2018-Ohio-1221, ¶ 5. "Moreover, any error in the suppression ruling necessarily would be harmless where [Jones'] conviction resulted from his guilty plea and none of the evidence at issue was admitted against him." *Id.* Accordingly, we overrule the two assignments of error.

### III. Conclusion

{¶ 6} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Megan A. Hammond
Glenda A. Smith
Hon. Adolfo A. Tornichio