[Cite as *State v. Schlemmer*, 2016-Ohio-430.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO                              :
                                          :
    Plaintiff-Appellee                    :    C.A. CASE NO.   2015-CA-46
                                          :
v.                                        :    T.C. NO. 14CR595
                                          :
WILLIAM D. SCHLEMMER                       :    (Criminal Appeal from
                                          :     Common Pleas Court)
    Defendant-Appellant                   :
                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___5th___ day of _____February_____, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ANTHONY R. CICERO, Atty. Reg. No. 0065408, 500 East Fifth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} William Schlemmer pled guilty in the Clark County Court of Common Pleas to one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1), a fourth-degree felony, and to a sexually violent predator specification.   The trial court sentenced him to an indefinite term of two years to life in prison.   For the following reasons, the trial court's

judgment will be reversed, and the matter will be remanded for further proceedings.

## I. Procedural History

{¶ 2} In September 2014, Schlemmer was indicted on five counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1). Each count alleged that, from about August 1, 2014 to August 28, 2014, Schlemmer had sexual contact with another (not his spouse) and purposefully compelled the other person to submit by force or threat of force. Each count included a sexually violent predator specification, pursuant to R.C. 2941.148. At the time of the offenses, Schlemmer had previously been convicted of various sex offenses, he was on post-release control for rape, and had been designated a Tier III sex offender.

{¶ 3} In October 2014, the State filed a bill of particulars. According to the bill of particulars, Counts One through Three involved sexual contact with D.D. Schlemmer allegedly rubbed D.D.'s thighs and/or penis while both were sitting on a towel, while D.D. was driving a car, and while at D.D.'s house. Counts Four and Five concerned sexual contact with J.P. Schlemmer allegedly rubbed J.P.'s thighs and/or penis while both were sitting on a garbage bag and while both were by a bridge over a river.

{¶ 4} Schlemmer was originally represented by the Public Defender's Office. At the end of October, Schlemmer's counsel went on leave for health reasons, and the case was transferred to another attorney within the office. On January 21, 2015, Schlemmer's attorney moved to withdraw as counsel due to a conflict of interest. The trial court granted the motion and appointed new counsel.

{¶ 5} In March 2015, the State and Schlemmer reached an agreement whereby Schlemmer would plead guilty to one count of gross sexual imposition (Count One) with

the sexually violent predator specification. The State agreed to dismiss all remaining counts and specifications and that Schlemmer would not be sentenced for violating his post-release control. The parties agreed that Schlemmer would be sentenced to an indefinite term in prison with a minimum of two years and a maximum term of life. The plea form further indicated that Schlemmer would be designated a Tier III sex offender and that he would serve a mandatory five years of post-release control if he were released from prison. The plea form indicated that, by pleading guilty, Schlemmer was waiving various constitutional rights and that he was admitting that he committed the offense.

{¶ 6} The trial court held a plea and sentencing hearing on March 27, 2015. The trial court reviewed the terms of the plea, as reflected by the plea form, and the State added that Schlemmer's parole officer had also agreed that the Adult Parole Authority would not pursue a violation against Schlemmer. The State then informed the court of the facts supporting plea. After indicating the facts supporting the charge of gross sexual imposition in Count One, the State stated:

> Mr. Schlemmer is a sexually violent predator by virtue of his previous convictions, the first being a conviction in Carroll County Common Pleas Court Case No. 3411 in 1992 when he was convicted of gross sexual imposition; another conviction from Carroll County Case No. CRB-9600332, a conviction of importuning; and a conviction from Belmont County Common Pleas Court Case No. 97-CR-062 from 1997 where the Defendant was convicted of rape.

The court then asked defense counsel how the defense wished to proceed. Counsel stated that Schlemmer wished to follow through with the guilty plea.

{¶ 7} The trial court conducted a hearing, pursuant to Crim.R. 11. Schlemmer stated that he had discussed the case and possible defenses with his attorney and was satisfied with his attorney's advice. Schlemmer indicated that he had signed the plea form and understood its contents. The trial court reviewed with Schlemmer the maximum penalties for gross sexual imposition and the specification; the court stated that, although the maximum sentence for gross sexual imposition was 18 months, the court would be required, due to the specification, to impose an indefinite term of at least two years to a maximum term of life. The trial court also told Schlemmer that he would be required to serve five years of post-release control if he were released from prison and of the consequences of violating post-release control. The trial court stated that Schlemmer was ineligible for community control. Schlemmer indicated that he was already a Tier III sex offender, but the trial court reiterated those requirements. The trial court reviewed the constitutional rights that Schlemmer was waiving as a result of his plea.

{¶ 8} During the plea colloquy, Schlemmer indicated that he understood that, by pleading guilty, he admitted the truth of the facts that the prosecutor put on the record. Schlemmer specifically stated that he admitted that he "committed the offense of gross sexual imposition as set forth in Count One of the indictment" and "the specification that [he was] a sexually violent predator." Schlemmer further indicated that he understood that the State would not be required to prove those offenses.

THE COURT: As to the count to which you are pleading guilty, those elements would be that on or about August 1, to on or about August 28, 2014, at Clark County, Ohio, you did have sexual contact with another who

was not your spouse and you purposefully compelled the other person to submit by force or threat of force. Do you understand the elements of the offense?

DEFENDANT: Yes, sir.

THE COURT: As to the elements of the sexually violated predator specification – which subsection are you going by?

PROSECUTOR: (A)(1)(a).

THE COURT: Before you could be found guilty of the specification, the State would have to prove beyond a reasonable doubt to every member of the jury that you were charged with a violent sex offense, and the indictment or the count of the indictment charging you with a violent sex offense also includes the specification that you are a sexually violent predator; and to show that the specification applies, the State would have the burden to prove beyond a reasonable doubt those prior convictions that the State put on the record. Do you understand that, sir?

DEFENDANT: Yes, sir.

{¶ 9} At the end of the colloquy, Schlemmer entered a plea of guilty to gross sexual imposition (Count One) and to the sexually violent predator specification. The trial court found that Schlemmer had knowingly, voluntarily, and intelligently waived his rights, and the court found him guilty of the offense and the specification. The trial court proceeded to sentence Schlemmer to an indefinite prison term of two years to life in prison.

{¶ 10} Schlemmer appeals from his conviction.

## II. Ineffective Assistance of Counsel regarding Specification

{¶ 11} Schlemmer raises four assignments of error on appeal:

I. APPELLANT'S CONVICTION AND SENTENCE ON A SEXUALLY VIOLENT PREDATOR SPECIFICATION IS UNLAWFUL AND STRUCTURAL ERROR IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW BECAUSE NO SUBSTANTIVE CHARGE IN THE INDICTMENT IS A VIOLENT SEX OFFENSE.

II. APPELLANT'S SENTENCE ON A SEXUALLY VIOLENT PREDATOR SPECIFICATION IS CONTRARY TO LAW, AND IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

III. APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

IV. CONTRARY TO APPELLANT'S RIGHTS TO DUE PROCESS AND THE REQUIREMENTS OF CRIM.R. 11(C)(2), APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENT AND VOLUNTARILY ENTERED BECAUSE THE COURT'S COLLOQUY NEVER EXPLAINED TO HIM THE ELEMENTS THE STATE WOULD BE REQUIRED TO PROVE IN ORDER TO BE CONVICTED OF A SEXUALLY VIOLENT PREDATOR SPECIFICATION.

{¶ 12} Each of Schlemmer's assignments of error challenges his conviction on the sexually violent predator specification.  Because we find that Schlemmer's counsel

rendered ineffective assistance, we will address only Schlemmer's third assignment of error in detail. Schlemmer's first, second, and fourth assignments of error are overruled as moot.

**{¶ 13}** In general, we review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial court proceeding would have been different. *Id.*

**{¶ 14}** "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Webb*, 2d Dist. Montgomery No. 26198, 2015-Ohio-553, ¶ 15. As stated by the United States Supreme Court in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973):

When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the

advice he received from counsel was not within the standards set forth in *McMann [v. Richardson* , 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]."

*Tollett* at 267, quoted by *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 266, quoting *McMann* at 771.

{¶ 15} In this present case, Schlemmer argues that his counsel's advice to plead guilty to the sexually violent predator specification fell below an objective standard of reasonableness in that counsel "failed to read the indictment and the statutes applicable to the indictment," resulting in Schlemmer's "receiving a life sentence that is not authorized by law." As a remedy, Schlemmer askS us to vacate his sentence on the sexually violent predator specification.

{¶ 16} Schlemmer's argument is premised on his assertion that gross sexual imposition, in violation of R.C. 2907.05(A)(1), does not constitute a "violent sex offense" for purposes of the sexually violent predator specification. As an extension of this argument, Schlemmer asserts that he was improperly indicted on the specification, and counsel rendered ineffective assistance in advising him to plead guilty to the specification.

{¶ 17} R.C. Chapter 2971 addresses sexually violent predators. R.C. Chapter 2971 is inapplicable, unless one of six circumstances exists, including that "[t]he offender is charged with a violent sex offense, and the indictment * * * charging the violent sex offense also includes a specification that the offender is a sexually violent predator * * *." R.C. 2941.148(A)(1)(a).

**{¶ 18}** "Violent sex offense" is defined as "[a] violation of section 2907.02, 2907.03, or 2907.12, or *of division (A)(4) or (B) of section 2907.05* of the Revised Code." (Emphasis added.)   R.C. 2971.01(L)(1).   The sexually violent predator specification is a specification that "charges that a person charged with a violent sex offense * * * is a sexually violent predator."   R.C. 2971.01(I).   A "sexually violent predator" is a person who commits a "sexually violent offense" (the definition of which includes a violent sex offense) and is likely to engage in one or more sexually violent offenses in the future. R.C. 2971.01(H)(1).   Evidence of a person's likelihood to engage in future sexually violent offenses includes two or more convictions in separate criminal actions for a sexually oriented offense.   R.C. 2971.01(H)(2)(a).

**{¶ 19}** R.C. 2971.03 sets forth the appropriate sentence for an individual convicted of a violent sex offense and the sexually violent predator specification.   It states:

> (A) Notwithstanding divisions (A) and (D) of section 2929.14, section 2929.02, 2929.03, 2929.06, 2929.13, or another section of the Revised Code, other than divisions (B) and (C) of section 2929.14 of the Revised Code, that authorizes or requires a specified prison term or a mandatory prison term for a person who is convicted of or pleads guilty to a felony or that specifies the manner and place of service of a prison term or term of imprisonment, the court shall impose a sentence upon a person who is convicted of or pleads guilty to a violent sex offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging that offense, * * *, as follows:

* * *

(3)(a) Except as otherwise provided in division (A)(3)(b), (c), (d), or (e) or (A)(4) of this section, if the offense for which the sentence is being imposed is an offense other than aggravated murder, murder, or rape and other than an offense for which a term of life imprisonment may be imposed, it shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment.

{¶ 20} Schlemmer was charged with gross sexual imposition, in violation of R.C. 2907.05(A)(1).   While violations of R.C. 2907.05(A)(4) and (B) are identified as violent sex offenses in R.C 2971.01(L)(1), a violation of R.C. 2907.05(A)(1) is not.   We cannot re-write R.C. 2971.01(L)(1) to include R.C. 2907.05(A)(1) as a violent sex offense when the legislature has chosen not to include it.

{¶ 21} Pursuant to the clear language of R.C. 2941.148, the application of R.C. Chapter 2971 is precluded unless one of six circumstances exists.   The State relied on R.C. 2941.148(A)(1)(a), which provides that the offender is charged with a violent sex offense and the indictment includes a specification that the offender is a sexually violent predator.   Schlemmer was not charged with a violent sex offense, and none of the other circumstances applied.   Accordingly, R.C. Chapter 2971 was inapplicable to him.

{¶ 22} Despite the inapplicability of R.C. Chapter 2971, Schlemmer pled, on the advice of counsel, to one count of gross sexual imposition with the sexually violent predator specification.   And with an underlying offense of gross sexual imposition for the specification, the trial court was required to impose an indefinite sentence with a minimum

of two years and a maximum of life in prison.   R.C. 2971.03(A)(3)(a).

{¶ 23} We recognize that the record does not reflect the conversations between Schlemmer and his attorney regarding the indicted charges and possible defenses. However, there is no reasonable strategy in which counsel would advocate for his client to plead guilty to a sexually violent predator specification (and its mandatory indefinite life sentence) when that specification was not properly included in the indictment based on the underlying offense.   On its face, counsel's advice appears to have fallen below an objective standard of reasonableness.

{¶ 24} The record also supports a conclusion that Schlemmer was prejudiced by counsel's advice.   By pleading guilty to the specification, Schlemmer received an indefinite sentence of two years to life in prison, a sentence that was mandated by statute. Absent the specification (i.e., had Schlemmer been charged with only five counts of gross sexual imposition), he would have faced a maximum sentence of 18 months in prison on each count in the indictment.   If run consecutively, a sentence on all five counts would amount to seven and one-half years in prison.   Even if Schlemmer were also sentenced on the post-release control violation, he would not have faced a term of life in prison.

{¶ 25} On the record before us, we conclude that Schlemmer's counsel rendered ineffective assistance in advising Schlemmer to plead guilty to a sexually violent predator specification, based on the underlying offense of gross sexual imposition in violation of R.C. 2907.05(A)(1).   We further conclude that, based on counsel's deficient representation, Schlemmer's plea was not entered knowingly, intelligently, and voluntarily.   Schlemmer's third assignment of error is sustained.

{¶ 26} Schlemmer asks that we vacate his conviction on the sexually violent

predator specification. However, Schlemmer's guilty plea to the specification was part of a larger plea arrangement, in which the State dismissed four additional counts of gross sexual imposition with specifications and agreed not to pursue the violation of Schlemmer's post-release control. Counsel's actions affected the entire plea, and it would be unfair to vacate the conviction on the specification alone. Schlemmer's plea is vacated, and his conviction is reversed in its entirety.

### III. Conclusion

{¶ 27} The trial court's judgment will be reversed, and the matter will be remanded for further proceedings consistent with this Opinion.

. . . . . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Anthony R. Cicero
Hon. Richard J. O'Neill