[Cite as *State v. Small*, 2022-Ohio-636.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-1 |
| | : | |
| ABBY SMALL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of March, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

HILARY J. LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Abby Small, appeals from her conviction in the Clark County Court of Common Pleas after she pled guilty to one count of failure to comply with the order or signal of a police officer.   Specifically, she challenges her 30-month prison sentence.   For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 5, 2021, a Clark County grand jury returned an indictment charging Small with one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) and 2921.331(C)(5), a felony of the third degree. The charge stemmed from Small's fleeing the scene of a traffic stop after a trooper with the Ohio State Highway Patrol pulled her over for speeding.   As the trooper approached Small's vehicle, Small sped away and drove over 100 miles per hour while weaving in and out of traffic.   The trooper terminated the pursuit of Small due to safety concerns; however, a short time later, Small crashed her vehicle into an embankment on the side of the roadway.   No other vehicles were involved in the accident, but the collision did cause Small to sustain injuries that required her hospitalization.

{¶ 3} Small pled guilty to the indicted charge in exchange for the State recommendation that the trial court sentence her to a term of community control sanctions.   The trial court accepted Small's guilty plea and ordered the preparation of a presentence investigation report for sentencing.   Small's sentencing hearing then took place on May 6, 2021.

{¶ 4} During the sentencing hearing, the trial court expressed its concern with

Small's response to law enforcement when she was stopped. Before imposing a sentence, the trial court noted that Small had admitted to driving 130 miles per hour during the offense. The trial court also considered Small's criminal history, which included two misdemeanor offenses in 2018 for failure to comply with the order and signal of a police officer and falsification, and two misdemeanor offenses in 2020 for resisting arrest and child endangering. The trial court further considered the fact that Small was "essentially on probation" at the time she committed the offense in question. Specifically, Small's jail term for child endangering had been suspended on the condition that she not violate any laws for two years, and the instant offense occurred before the two-year period had expired.

{¶ 5} After the foregoing considerations, the trial court sentenced Small to 30 months in prison and suspended Small's driver's license for 10 years. Small now appeals, raising two assignments of error for review.

**First and Second Assignments of Error**

{¶ 6} Under her first assignment of error, Small claims that the trial court abused its discretion by sentencing her to 30 months in prison. Under her second assignment of error, Small claims that the 30-month prison sentence was against the manifest weight of the evidence. Neither of Small's arguments reflect the appropriate appellate standard of review for felony sentences.

{¶ 7} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase,

reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 8} Here, the trial court was not required to make any findings under the relevant statutes enumerated in R.C. 2953.08(G)(2). Therefore, Small's sentence may be modified or vacated on appeal only if the sentence is clearly and convincingly contrary to law. " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. For example, "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 9} "The trial court [however] has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 8.

{¶ 10} As a further matter, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Therefore, "[w]hen reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law," *Dorsey* at ¶ 18, as we are "preclude[ed from] second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12." *State v. Toles*, Ohio Slip Opinion No. 2021-Ohio-3531, __ N.E.3d __, ¶ 10.

{¶ 11} In this case, the record establishes that Small's 30-month prison sentence is not contrary to law; the sentence is within the authorized statutory range for third degree felonies, *see* R.C. 2929.14(A)(3)(b), and the record establishes that the trial court considered the factors under R.C. 2929.11 and R.C. 2929.12 before imposing its sentence. *See* Judgment Entry of Conviction (May 6, 2021), p.1. There is simply nothing in the record indicating that the trial court manifestly ignored an issue or factor that it was statutorily required to consider before sentencing Small.

{¶ 12} This holds true even though the trial court did not mention its considerations under R.C. 2929.11 and R.C. 2929.12 at the sentencing hearing. It is well established that "[a] defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered the principles and purposes of sentencing in

R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglects to mention those statutes at the sentencing hearing." *State v. Anderson*, 2d Dist. Clark No. 2019-CA-80, 2020-Ohio-4083, ¶ 21, citing *State v. Battle*, 2d Dist. Clark No. 2014-CA-5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43. "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2d Dist. Clark No. 2020-CA-61, 2021-Ohio-3698, ¶ 15. As previously discussed, the record of the sentencing entry establishes that the trial court made all the required considerations.

{¶ 13} Because the trial court did not manifestly ignore an issue or factor that it was statutorily required to consider at sentencing, the 30 month-prison sentence imposed by the trial court is not clearly and convincingly contrary to law. Therefore, for the reasons outlined above, Small's 30-month prison sentence may not be disturbed by this court on appeal. Accordingly, Small's first and second assignments of error lack merit and are overruled.

### Conclusion

{¶ 14} Having overruled all of Small's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.


Copies sent to:

Ian A. Richardson
Hilary J. Lerman

Hon. Douglas M. Rastatter