[Cite as *State v. Taylor*, 2023-Ohio-736.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29563 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 01099 |
| | : | |
| WILLIAM BRADFORD TAYLOR | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 10, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

MICHAEL MILLS, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant, William Bradford Taylor, appeals from his conviction on one count of trafficking in marijuana, following a guilty plea. Taylor's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review.

Counsel raised three potential issues, including: (1) whether Taylor received ineffective assistance of counsel; (2) whether the trial court erred in sentencing Taylor to the maximum sentence of 36 months in prison; and (3) whether the court failed to comply with Crim.R. 11 when accepting Taylor's guilty plea. Taylor's counsel found no arguable merit to these issues.

{¶ 2} Taylor was notified of the filing of the brief and was given the opportunity to file a pro se brief by December 27, 2022, to raise issues for our review. However, Taylor did not file a brief. The State has responded to the *Anders* brief by asking us to let it respond if our review discloses non-frivolous issues for review and new counsel is appointed for Taylor. As a result, this matter is ready to be resolved.

{¶ 3} As required by *Anders*, we independently reviewed the record, and we found no issues with arguable merit for appeal. Therefore, counsel's *Anders* brief will be accepted, and Taylor's conviction will be affirmed.

I.  Background

{¶ 4} On April 22, 2022, an indictment was filed charging Taylor with one count of trafficking in marijuana (equal to or more than 40,000 grams), a second-degree felony, and one count of possession of marijuana in an amount equaling or exceeding 40,000 grams, also a second-degree felony. Taylor's retained counsel entered an appearance on May 5, 2022, and Taylor was released on his conditional own recognizance after pleading not guilty to the charges.

{¶ 5} On June 8, 2022, Taylor filed a motion to suppress based on a warrantless

search and seizure that occurred when Taylor was in a vehicle the police seized. Taylor then filed a supplemental motion to suppress on June 9, 2022, based on a search warrant executed at an address on Oakridge Drive in Dayton, Ohio. However, before the court ruled on these motions, Taylor pled guilty on June 9, 2022, to one count of trafficking in marijuana (more than 5,000 grams but less than 20,000 grams), a third-degree felony and a lesser-included offense of count one of the indictment. In exchange, the State dismissed the possession charge. Transcript of Proceedings (Plea Hearing and Sentencing Hearing) ("Tr."), p. 4. There was no agreement as to the sentence. *Id*. at p. 4-5.

{¶ 6} On June 9, 2022, Taylor appeared in court for the plea hearing, and the court, after engaging in a colloquy, accepted Taylor's guilty plea and found him guilty. *Id*. at p. 4-15. Taylor also signed a written plea form, which was filed. After accepting the plea, the court ordered a presentence investigation report ("PSI") and scheduled a sentencing hearing for July 20, 2022. Taylor withdrew his motion to suppress on June 10, 2022. The court then sentenced Taylor to 36 months in prison (the maximum sentence), a $10,000 fine, and court costs. Tr. at p. 21. The court filed a termination entry on July 20, 2022, and this timely appeal followed.

## II. Discussion

{¶ 7} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we must independently review the record to decide if the appeal at issue is wholly frivolous. *Id*. at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in

arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} If we decide the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, if we find that any issues "involve legal points that are arguable on their merits, and therefore are not wholly frivolous, per *Anders* we must appoint other counsel to argue the appeal." *Pullen* at ¶ 2.

{¶ 9} Here, appellate counsel has raised three issues as potential assignments of error to aid us in our independent review. As noted, counsel concluded that none had arguable merit.

## A. Ineffective Assistance of Counsel

{¶ 10} The first issue raised as a potential assignment of error is that trial counsel was ineffective. Taylor's counsel has not suggested any particular grounds for this assignment of error. We have reviewed the record and find no arguable merit to the

claim.

{¶ 11} "The Sixth Amendment right to counsel in criminal proceedings presumes a concomitant right to the effective assistance of counsel in representing the legal interests of the accused." *State v. Hatton*, 2d Dist. Montgomery No. 21153, 2006-Ohio-2670, ¶ 3, citing *Strickland v. Washington*, 466 U.S. 168, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Counsel's performance will not be deemed ineffective unless and until it is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice is shown to have arisen from counsel's deficient performance." *Id.* at ¶ 4, citing *Strickland.* "To show that he was prejudiced by his counsel's deficient performance, a criminal defendant must demonstrate that, were it not for counsel's errors, the result of the trial or proceeding would have been different." *Id.*, citing *Strickland* and *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 12} As an initial point, Taylor's guilty plea waived "his right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Schlemmer*, 2016-Ohio-430, 58 N.E.3d 573, ¶ 14 (2d Dist.), citing *State v. Webb*, 2d Dist. Montgomery No. 26198, 2015-Ohio-553, ¶ 15. *See also State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.

{¶ 13} Our review of the plea hearing transcript reveals no issues of arguable merit on whether Taylor's plea was knowing and voluntary. *See* Tr. at p. 6-15 (indicating that the trial court complied with Civ.R. 11(C) when accepting the plea). Taylor also stated at the plea hearing that his counsel had answered all his questions and that he was

satisfied with his representation. *Id.* at p. 12-13. Consequently, we find no arguable issues concerning either ineffective assistance of counsel or whether Taylor made a knowing, intelligent, and voluntary plea. This also controls disposition of Taylor's third potential assignment of error, which is whether the trial court complied with Crim.R. 11 when accepting the plea.


### B. Sentencing Error

{¶ 14} Taylor's counsel did not make a specific argument about sentencing, other than noting that Taylor had received the maximum sentence. We have reviewed the entire record, including the PSI, and find no arguable merit to any claim of sentencing error.

{¶ 15} "When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Small*, 2d Dist. Clark No. 2021-CA-30, 2022-Ohio-636, ¶ 7, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. "Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law." *Id.*, citing *Marcum* at ¶ 9.

{¶ 16} Taylor's third-degree felony conviction was for a violation of R.C. 2925.03 (A)(2), (C)(3)(e), which provides a presumption of a prison term for an amount of marijuana that equals or exceeds five thousand grams but is less than twenty thousand

grams. *See also* R.C. 2929.13(D)(1), which in this situation presumes "that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." Taylor's particular drug violation was also subject to a mandatory maximum fine of at least one-half of $10,000 (unless the offender is deemed indigent). R.C. 2925.03(D)(1) and R.C. 2929.18 (A)(3)(c) and (B)(1).

### 1. Findings Under an Enumerated Statute

{¶ 17} As to enumerated statutes, R.C. 2953.08(G)(2) requires courts to consider whether the record fails to "support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." We will consider each statute's pertinent parts.

### (a) R.C. 2929.13

{¶ 18} R.C. 2929.13(B)(1) does not apply here because it pertains to fourth- and fifth-degree felonies, and Taylor's crime was a third-degree felony. However, R.C. 2929.13(D) does apply, because Taylor's drug conviction was "a felony drug offense that is a violation of any provision of Chapter 2925 * * * for which a presumption in favor of a prison term is specified as being applicable * * *." R.C. 2929.13(D)(1). In such a situation, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code."

{¶ 19} This presumption can be overcome if a court makes two findings. These

concern whether community control sanctions would adequately punish the offender and would not demean the offense's seriousness. *See* R.C. 2929.13(D)(2)(a) and (b). However, because the trial court chose not to deviate from the presumption of prison, no findings needed to be made under R.C. 2929.13(D).

### (b)   R.C. 2929.14(B)(2)(e)

{¶ 20} R.C. 2929.14(B)(2)(e) requires the court to "state its findings explaining the imposed sentence" when it imposes a sentence pursuant to R.C. 2929.14(B)(2)(a) or (b). If one of these subsections applies, the court either must impose an additional sentence or can elect to impose an additional sentence, and the additional sentence will be served consecutively to the sentence for the crime. *See* R.C. 2929.14(B)(2)(d).

{¶ 21} Taking the latter subsection first, R.C. 2929.14(B)(2)(b) states, in pertinent part, that "[t]he court shall impose on an offender the longest prison term authorized or required for the offense, * * * and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years" if three criteria are met. These criteria essentially include: (1) the offender is a repeat violent offender; (2) the offender has been convicted of or has pled guilty to three or more repeat violent offender offenses in the last 20 years; and (3) the current offense is one of various listed violent offenses. *See* R.C. 2929.14(B)(2)(b)(i)-(iii) and R.C. 2929.01(CC)(1). This subsection does not apply here, however, because Taylor pled guilty to a third-degree non-violent offense. He also does not have a record of violent offenses as required.

{¶ 22} If R.C. 2929.14(B)(2)(b) does not apply, then R.C. 2929.14(B)(2)(a) applies.

In this situation, courts may impose, "in addition to the longest term authorized or required for the offense * * * an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years," if five criteria are met. These criteria relate to: (1) whether the defendant is a repeat violent offender; (2) whether the defendant has been convicted of certain first- or second-degree violent felonies causing a threat of serious physical harm or causing serious physical harm; (3) whether the court has imposed the longest applicable term that is not life without parole; (4) whether recidivism is more likely; and (5) whether factors are found that make the crime more serious than conduct normally constituting the offense. R.C. 2929.14(B)(2)(a)(i)-(v). This subsection does not apply because Taylor was not a repeat violent offender, was only convicted of a third-degree felony, and was not sentenced to an additional prison term. As a result, no findings were needed.

### (c) R.C. 2929.14(C)(4)

{¶ 23} R.C. 2929.14(C)(4) permits courts to require offenders to serve consecutive sentences if the court imposes multiple prison terms "for convictions of multiple offenses," and finds any one of the conditions specified in R.C. 2929.14(C)(4)(a)-(c). This part of the statute does not apply, because Taylor was not convicted of multiple offenses, and the trial court did not impose consecutive sentences.

### (d) R.C. 2929.20(I)

{¶ 24} The final enumerated statute is R.C. 2929.20(I), which relates to procedures

for hearings on motions for judicial release. This section also does not apply here, since this case does not involve a motion for judicial release.

**{¶ 25}** Give the above discussion, no arguable merit exists concerning the first prong of sentence review. Accordingly, we will now consider whether the sentence is contrary to law.

### 2. Whether the Sentence Was Contrary to Law

**{¶ 26}** With certain exceptions that do not apply, R.C. 2929.13(A) states that "unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code."

**{¶ 27}** Under R.C. 2929.14(A)(3)(b), the sentence for Taylor's third-degree felony conviction was to be "a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Consistent with this subsection, the trial court imposed the maximum 36-month sentence. The court also imposed the maximum $10,000 fine under R.C. 2929.18.

**{¶ 28}** In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Supreme Court of Ohio "clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2)." *State v. Litteral*, 2d Dist. Clark No. 2021-CA-10, 2022-Ohio-1187, ¶ 21. "In *Jones*, the court stressed that '[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its

judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' " *State v. Burnette*, 2d Dist. Champaign No. 2021-CA-48, 2022-Ohio-3251, ¶ 24, quoting *Jones* at ¶ 9. The court further explained in *Jones* that " 'an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b).' " *Id.*, quoting *Jones* at ¶ 32.

**{¶ 29}** "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). *Accord State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

**{¶ 30}** "A trial court 'has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). *Accord Burnette* at ¶ 26. Since Taylor's sentence was within the authorized statutory range here, there is no arguably meritorious issue to be raised on this basis.

**{¶ 31}** Furthermore, after referencing the PSI, the trial court noted at the sentencing hearing that when Taylor committed the current trafficking offense, he was on federal parole for a prior offense of attempting "to possess with intent to distribute five kilograms or more of cocaine." Tr. at p. 20. The court also observed that Taylor had been released from a ten-year sentence in federal prison only seven months before being

arrested for the current trafficking crime. *Id.* In addition, Taylor had a prior conviction in 2008 for illegal cultivation of marijuana, a second-degree felony. *Id.*

**{¶ 32}** We have reviewed the PSI, which is consistent with the trial court's observations. Taylor received community control for the 2008 offense and his community control was successfully terminated in October 2009. Less than a year later, he was indicted on the federal trafficking charge. In January 2011, Taylor was sentenced to 120 months in federal prison for that charge. He was then released on supervised release in March 2020, and supervision was active. PSI, p. 4. Although the indictment in the current case was not filed until April 22, 2022, the offense was committed on October 13, 2020, seven months after Taylor was released on the federal trafficking charge.

**{¶ 33}** The trial court also complied with the requirement of considering the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *See* Tr. at p. 21. Moreover, as noted, due to the presumption for a prison sentence in R.C. 2925.03(C)(3)(e), R.C. 2929.14(D)(1) presumes "that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." Additionally, the PSI recommended a period of incarceration. PSI, p. 7.

**{¶ 34}** Finally, in imposing the maximum fine, the court found that Taylor had the present and future ability to pay the fine. *Id.* Again, the court's finding is clearly and convincingly supported by the record. Taylor and his counsel both indicated at the hearing that Taylor owned two businesses from which he had lawful income. *Id.* at p.

18. Accordingly, there is no arguable basis for concluding that Taylor's sentence was contrary to law.

{¶ 35} Based on the above discussion, "no responsible contention can be made" that any trial court error in sentencing "offers a basis for reversal." *Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, at ¶ 4. Consequently, the suggested potential argument about sentencing error is wholly frivolous.

## C. Compliance With Crim.R. 11

{¶ 36} As a potential ground of error, Taylor's counsel also offered the trial court's failure to comply with Crim.R. 11 when accepting the guilty plea. "A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision. The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. However, since agreeing to plead guilty forfeits several fundamental constitutional protections, the court must fully inform the defendant about the plea's consequences. "Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *Id.*, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In order to ensure compliance, courts must engage defendants in a colloquy before accepting their pleas. *Id.* at ¶ 26, citing Crim.R. 11(C). As indicated above, no arguable merit exists concerning this point, since the trial court fully complied with Crim.R. 11(C).

{¶ 37} As a final matter, in addition to reviewing the suggested assignments of error, we have examined the entire record. Our review failed to reveal any potentially

meritorious appellate issues.

### III. Conclusion

**{¶ 38}** After independently reviewing the record as required by *Anders*, we find that, based on the facts and relevant law involved, there are no issues with arguable merit to present on appeal. Accordingly, the judgment of the trial court is affirmed. Appellate counsel is also granted permission to withdraw from further representation.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.