[Cite as *State v. Richardson*, 2023-Ohio-4718.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GREGORY DELMAR RICHARDSON II,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0136**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CR 00086

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor, for Plaintiff-Appellee and

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, for Defendant-Appellant.

Dated:  December 18, 2023

**Robb, J.**

**{¶1}** Appellant, Gregory Richardson, II, appeals his convictions after pleading guilty to robbery in violation of R.C. 2911.02(A)(1), with a firearm specification and having weapons while under a disability in violation of R.C. 2923.13(A)(2).

**{¶2}** Appellant argues his plea was not voluntary because the trial court failed to address him personally and ensure he understood the effect of his plea. Appellant also claims his trial counsel was ineffective for not advising Appellant that his guilty plea precluded an appeal from his motion to suppress and discussing a potential no-contest plea. For the following reasons, we affirm.

Statement of the Case

**{¶3}** Appellant was indicted in March of 2021 and charged with six counts: aggravated murder, murder, aggravated robbery with a 54-month firearm specification under R.C. 2941.145(D), two counts of having weapons while under disability, and criminal damaging. (March 11, 2021 Indictment.) He was appointed counsel, and the parties exchanged discovery.

**{¶4}** Appellant moved to suppress his photo identification by a witness contending the police identification process was impermissibly suggestive and unfair. (July 29, 2021 Motion.) The state opposed. The suppression hearing was held on December 20, 2021, and the trial court overruled Appellant's motion finding in part:

> It was testified that the defendant had been to that convenience store many times, that she [the identifying witness] had known him for a long period of time, and that the defendant has very distinct tattoos. Those were all factors that the Court considered in finding that the identification, despite not being in compliance and being suggestive, is reliable and, therefore, can be admitted into court.

(January 20, 2022 Tr. 13.) The store manager testified in part that she recognized Appellant because of his tattoos. And although she was not certain during the robbery it was him, she was certain after she reviewed the security camera footage and looked at photographs she pulled up on Facebook. The witness further said she had known Appellant for about 20 years and she has seen him at family functions since Appellant is

her niece's uncle.  The witness identified Appellant as the person who robbed the store before the police showed her the photograph of him.  (Tr. 10-15.)  She remained certain at the time of the suppression hearing that he is the man who committed the robbery.  (Tr. 16.)

{¶5}    Appellant moved to sever counts one, two, five, and six.  He claimed these offenses allegedly occurred on a different date and were unrelated to counts three and four.  The state opposed the severance.  The trial court eventually granted the motion to sever and ordered counts three and four severed from the other charges against him. (October 6, 2022 Judgment.)

{¶6}    Appellant moved for leave to file a not guilty by reason of insanity plea. (April 7, 2022 Motion.)   The trial court ordered Appellant to undergo a forensic examination to determine his competency to stand trial and to address a not guilty by reason of insanity plea.  (April 13, 2022 Order.)  Appellant then requested a second competency and sanity evaluation, which the trial court sustained.  (June 23, 2022 Judgment.)  The court ultimately found Appellant competent.  It set trial for October 3, 2022.  The parties agreed "the robbery-related charges" would be heard on this date, and then a separate trial would be held on the "murder-related" offenses on a later date. (August 5, 2022 Judgment.)  This appeal arises solely from counts three and five.

{¶7}    The court issued an entry October 6, 2022 indicating it was amending count three from aggravated robbery, a first-degree felony, to robbery, a second-degree felony under R.C. 2911.02(A)(1) based on the parties' Rule 11 negotiations.  (October 6, 2022 Judgment.)  Appellant entered a guilty plea the same date.  He plead guilty to counts three and five.  The written guilty plea indicates amended count three charged Appellant with one count of robbery in violation of R.C. 2911.02(A)(1), a second-degree felony with a "F/A SPEC – 54 month, R.C. 2941.145(D)."  It also states he plead guilty to count five, "W.U.D. R.C. 2923.13(A)(2)" a third-degree felony.  (October 6, 2022 Plea of Guilty Pursuant to Crim.R. 11(F).)

{¶8}    At the plea hearing, the prosecutor detailed the parties' plea agreement.  He explained that on the two severed counts, counts three and five, Appellant agreed to plead guilty to an amended robbery count with a firearm specification and the weapons under disability charge.  And "in exchange" the state agreed to recommended the agreed

upon sentence of a total of eight to nine years. The state moved to amend the aggravated robbery charge to robbery, which the court granted. Count three was a first-degree felony before it was reduced to a second-degree charge. (September 29, 2022 Plea Hearing Tr. 2-7.)

{¶9} The state's recommendation on the robbery charge was for the court to impose two years as the mandatory portion with a one-year tail for a total of up to three years. And in explaining the potential sentence Appellant was facing, the court advised him it could impose a minimum of eight years with a four-year tail on the robbery count. (September 29, 2022 Plea Hearing Tr. 8-9.)

{¶10} After reviewing the rights Appellant was foregoing by entering the plea agreement, the trial court concluded by stating: "by pleading guilty, you're giving up all those rights. No trial, no burden on the state, no witnesses to be brought forth to be cross-examined, to be subpoenaed. And you have appellate rights, they are not all gone today, but they are limited from what they were when you walked into this courtroom. Do you understand that?" Appellant agreed he understood. (September 29, 2022 Plea Hearing Tr. 15.)

{¶11} The court sentenced Appellant at the same hearing by agreement of the parties. During the sentencing portion of the hearing, the court advised Appellant because it was imposing an agreed sentence, Appellant cannot appeal the sentence. (Tr. 21-22.)

{¶12} In its written decision, the trial court stated it was adopting the agreed upon sentence of the parties. For count three, it sentenced Appellant to the minimum sentence of two years in prison with a maximum of three years. On the attendant firearm specification, the court sentenced him to the mandatory four and a half years, which was to be served before and consecutive to count three. As for count five, the court imposed an eighteen-month prison sentence to run consecutive to the time for count three, for a total sentence of eight to nine years in prison. (October 6, 2022 Judgment.)

{¶13} Appellant raises two assignments of error.

Assignments of Error:  Voluntary Nature of Guilty Plea

{¶14} Appellant's first assignment contends:

"Appellant's guilty plea was not knowingly, voluntarily, and intelligently made, in violation of Appellant's right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution, because the trial court failed to comply with Crim.R. 11(C)(2)(b) and determine 'that the defendant understands the effect of the plea of guilty or no contest,' while addressing Appellant at the plea hearing."

{¶15} Appellant claims the court failed to comply with Crim.R. 11(C)(2) by failing to inform him about the difference between a guilty plea and a no contest plea. In addition, Appellant contends he was not informed that his decision to enter a guilty plea waived the right to appeal the court's decision overruling a motion to suppress. He claims the court's lack of total compliance made his plea not knowingly, voluntarily, and intelligently rendered, and as such, he claims his plea violates the Ohio and United States Constitutions.

{¶16} Appellant also challenges the state's photo lineup procedure and the merits of his suppression motion. He claims he had a meritorious argument on appeal if he were given the option to plead no contest instead of guilty. Thus, he claims the court's failure to follow Crim.R. 11(C)(2) renders his plea involuntary. He also claims he is not required to establish prejudice as a result of the court's noncompliance because an exception applies, i.e., the court completely failed to comply with a section of Crim.R. 11(C). Thus, Appellant claims it eliminates his burden to show resulting prejudice. For the following reasons, his arguments lack merit.

{¶17} Crim.R. 11(C)(2)(b) states in pertinent part:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

* * *

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(Emphasis added.)

**{¶18}** The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). To ensure a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). We review the trial court's compliance with Crim.R. 11(C) de novo. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶19}** When a criminal defendant seeks to have his conviction reversed on appeal, ordinarily he must establish both that an error occurred in the trial court proceedings and resulting prejudice from that error. *State v. Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Furthermore, an Appellant must establish prejudice based on the record. *Id.* at ¶ 24.

**{¶20}** There are two exceptions under which a defendant is not required to establish prejudice. First, no showing of prejudice is required when a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest. Second, no showing of prejudice is necessary when a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *Nero* at 108.

**{¶21}** As stated, Appellant generally asserts the court's failure to advise him about the difference between a no contest plea and a guilty plea shows its noncompliance plus its failure to address him personally shows general noncompliance with this section warranting reversal. He makes this argument in an effort to circumvent the prejudice requirement set forth by the Supreme Court.

**{¶22}** Regardless, Crim.R. 11(C) does not require a court to explain the difference between a guilty plea and a plea of no contest.

> "[T]he failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy." *State v. Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 12. Prior to accepting a guilty plea, a trial court _need not_ inform a defendant that he is waiving the right to appeal the overruling of a motion to suppress. *State v. Jones*, 1st Dist. Hamilton No. C-050833, 2006-Ohio-4284, ¶ 8.

(Emphasis added.) *State v. Hackathorn*, 7th Dist. Belmont No. 21 BE 0013, 2022-Ohio-1612, ¶ 17.

**{¶23}** Furthermore, our review of Appellant's plea colloquy shows the trial court addressed Appellant personally and generally reviewed the rights Appellant was foregoing by entering a guilty plea. Appellant indicated he understood and also agreed his attorney reviewed these rights with him. Appellant was then asked if he had questions for the court before telling the court he wanted to plead guilty. (Plea Hearing Tr. 10-18.)

**{¶24}** To the extent Appellant claims Crim.R. 11(C)(2)(b) required the court to advise him about the difference between a no-contest plea and a guilty plea, he is incorrect. The rule does not require advisement about both types of pleas, and Appellant does not direct our attention to any authority in support of this contention. Instead, Crim.R. 11(C)(2)(b) requires the trial court to determine "that the defendant understands the effect of the plea of guilty or no contest"—whichever option is applicable—not both.

**{¶25}** Because Appellant's argument is contrary to a plain reading of the rule, this assigned error lacks merit.

<u>Second Assignment of Error: Ineffective Assistance of Trial Counsel</u>

**{¶26}** Appellant's second assigned error asserts:

"Appellant's guilty plea was not knowingly, voluntarily, and intelligently made, in violation of Appellant's right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution, because the performance of Appellant's trial counsel, in failing to inform Appellant that he would be waiving his right to appeal the denial of Appellant's Motion to Suppress by

entering a guilty plea, constituted ineffective assistance of counsel, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

**{¶27}** To establish an ineffective assistance of counsel claim, the appellant must satisfy a two-part test. First, one must establish his counsel's performance fell below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. And second, an appellant must show he was prejudiced by counsel's deficient performance. *Id.* In order to establish one has been prejudiced by their attorney's performance, an appellant must show that but for counsel's errors, the result of the proceeding would have been different. *Bradley*, *supra,* at paragraph three of the syllabus.

**{¶28}** Moreover, an appellant bears the burden of proof on the issue of ineffective assistance of counsel, and a licensed attorney is presumed competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶29}** Here, Appellant claims his trial counsel was deficient because his attorney failed to inform him that he would be waiving his right to appeal the denial of his motion to suppress by entering a guilty plea. As a result of this alleged deficiency, Appellant claims he was prejudiced and his plea became involuntary and unconstitutional. He urges us to find that counsel should have advised him about a plea of no contest, which would have allowed Appellant to appeal the court's suppression decision.

**{¶30}** "A claim of ineffective assistance of counsel in a direct appeal must be established by the evidence in the record." *State v. Carter*, 2017-Ohio-7501, 96 N.E.3d 1046, ¶ 78 (7th Dist.), citing *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001). There is nothing in the record showing the initial premise for Appellant's argument, i.e., that his attorney did not advise him about the difference between a no contest plea and a guilty plea or his counsel failed to inform him that he was waiving his right to appeal the trial court's judgment on his motion to suppress by pleading guilty.

**{¶31}** Further, there is also nothing tending to show the state was inclined to consider a no contest plea. As part of the negotiated plea agreement, the state agreed to reduce count three from aggravated robbery to robbery, reducing it from a first-degree

felony to a second-degree felony. Moreover, the state agreed to a recommended sentence totaling eight to nine years for both counts, whereas Appellant could have received more than this on just the second-degree felony had there been no agreed sentence.

**{¶32}** Nothing in the record indicates the state would have made these same concessions in exchange for a no-contest plea based on the facts of this case. Thus, absent evidence of record, Appellant cannot establish his counsel's performance was deficient. *State v. Ash*, 2018-Ohio-1139, 108 N.E.3d 1115, ¶ 30-31 (7th Dist.) (overruling claim of ineffective assistance of counsel in direct appeal based on lack of record evidence). *Accord State v. Hackathorn*, *supra*, at ¶ 35.

**{¶33}** Last, the trial court agreed with Appellant that the photo lineup was improper but nonetheless found the circumstances surrounding the witnesses' identification of Appellant more than sufficient such that suppression was not warranted. (January 20, 2022 Tr. 13.)

**{¶34}** Because the record does not reflect what advice defense counsel gave to Appellant about pleading guilty or whether counsel told him pleading guilty would not preserve the suppression issue for appeal, Appellant is unable to demonstrate his attorney's performance was deficient. Accordingly, Appellant's second assigned error lacks merit and is overruled.

Conclusion

**{¶35}** For the foregoing reasons, both assignments of error lack merit and are overruled. Appellant's convictions are affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 22 MA 0136

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**