[Cite as *State v. Richardson*, 2024-Ohio-2702.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GREGORY D. RICHARDSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0121**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 86

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

Gregory D. Richardson, *Pro se*, Defendant-Appellant.

Dated: July 11, 2024

**HANNI, J.**

**{¶1}** Defendant-Appellant, Gregory D. Richardson, appeals from a Mahoning County Common Pleas Court judgment summarily denying his petition for post-conviction relief. Pursuant to separate plea agreements on one set of charges, the court sentenced Appellant to a jointly recommended total of 17-22 years in prison on the second plea agreement, consecutive to an agreed sentence of 8-9 years in prison on the first plea agreement.

**{¶2}** Appellant contends on appeal that the trial court failed to include findings of fact and conclusions of law when it denied his post-conviction relief petition. He also asserts that the trial court lacked subject matter jurisdiction to convict and sentence him on the two 54-month firearm specifications because of ex post facto laws and statutory concerns. Appellant further argues that his aggregate prison terms are grossly disproportionate to his crimes in violation of the Eighth Amendment.

**{¶3}** We hold that the trial court erred by omitting findings of fact and conclusions of law from its judgment entry when it denied Appellant's petition for post-conviction relief. We therefore remand this case to the trial court to issue findings of fact and conclusions of law. As a result of this remand, we further find that Appellant's two remaining assignments of error are rendered moot.

**{¶4}** On September 29, 2022, Appellant pled guilty to an amended count of robbery in violation of R.C. 2911.02(A)(1), a second-degree felony, with a 54-month firearm specification and having a weapon while under disability in violation of R.C. 2923.13(A)(23), a third-degree felony. The court imposed a sentence of 8-9 years, as recommended by both parties. Other charges in this case remained pending.

**{¶5}** On January 30, 2023, Appellant pled guilty to the rest of the charges. He pled guilty to an amended count of involuntary manslaughter in violation of R.C. 2903.01(A)(C), a felony of the first degree, with the accompanying 54-month firearm specification. He further pled guilty to a third-degree felony of having a weapon while under disability in violation of R.C. 2923.13(A)(2)(3)(B). The court imposed a jointly

recommended sentence of 17-22 years in prison consecutive to the 8-9 year prison sentence in the first plea agreement.

{¶6} Appellant appealed both pleas and sentences. He voluntarily dismissed his appeal relating to the 17-22 year plea and sentence and proceeded on the first. We affirmed the trial court judgment on December 18, 2023 in *State v. Richardson*, 2023-Ohio-4718, ¶ 2 (7th Dist.).

{¶7} On October 2, 2023, Appellant filed a timely petition for post-conviction relief. He asserted that his trial counsel was ineffective for failing to argue that the ex post facto doctrine barred his 54-month firearm specifications. Appellant further contended that the consecutive nature of his sentences violated the Eighth Amendment's cruel and unusual ban because it was disproportionate to his crimes.

{¶8} On October 6, 2023, the trial court summarily denied Appellant's post-conviction relief petition.

{¶9} On November 15, 2023, Appellant filed his notice of appeal asserting three assignments of error. In his first assignment of error, Appellant asserts:

**THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO INCLUDE FINDINGS OF FACT & CONCLUSIONS OF LAW FOR ITS DENIAL OF POST-CONVICTION RELIEF**.

{¶10} Citing R.C. 2953.21, Appellant asserts that a trial court must provide findings of fact and conclusions of law when denying a petition for post-conviction relief. He asserts that findings and conclusions are necessary to sufficiently inform both the petitioner and the appellate court of the reasons for denying the petition. He contends that without them, he is denied meaningful judicial review.

{¶11} Appellee concedes that the trial court was required to issue findings of fact and conclusions of law when denying Appellant's post-conviction relief petition. Accordingly, Appellee concedes Appellant's first assignment of error and recommends remand of the case to the trial court with an instruction for the trial court to issue findings of fact and conclusions of law in denying Appellant's post-conviction relief petition.

{¶12} We find that Appellant's first assignment of error has merit. R.C. 2953.21(H) specifically provides that, "[i]f the court does not find grounds for granting relief, it shall

make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." *See also State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 20 ("It is true, of course, that R.C. 2953.21 requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a post-conviction relief petition.").

{¶13} The Supreme Court of Ohio has explained the purpose of the rule:

" 'The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313, 314 (1966). The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.' " *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330, 1330-1331 (1998), quoting *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910, 912 (1982).

*State v. Calhoun*, 86 Ohio St.3d 279, 291 (1999).

{¶14} Since the trial court failed to issue findings of fact and conclusions of law, we find merit to Appellant's first assignment of error and remand this case for the trial court to issue findings of fact and conclusions of law as to the denial of Appellant's petition for post-conviction relief.

{¶15} In his second assignment of error, Appellant asserts:

**THE TRIAL COURT LACKED SUBJECT-MATTER JURISDICTION TO CONVICT AND IMPOSE SENTENCE ON THE 54-MONTH FIREARM SPECIFICATIONS BECAUSE OF EX POST FACTO AND STATUTORY CONCERNS**.

{¶16} In his third assignment of error, Appellant asserts:

**THE EIGHTH AMENDMENT PROHIBITS AGGREGATE PRISON TERMS THAT ARE GROSSLY DISPROPORTIONAL TO CRIMES OF CONVICTION**.

**{¶17}** Since we find that Appellant's first assignment of error has merit and requires remand of this case to the trial court to make findings of fact and conclusions of law as to its denial of Appellant's post-conviction relief petition, Appellant's second and third assignments are rendered moot. These assignments of error may be impacted by the court's findings of fact and conclusions of law.

**{¶18}** For the foregoing reasons, the judgment of the Mahoning County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion.

Waite, J., concurs.

Dickey, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**