[Cite as *State v. Richardson*, 2025-Ohio-1818.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GREGORY DELMAR RICHARDSON, II,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0101**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CR 00086

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kristie M. Weibling,* Assistant Mahoning County Prosecutor, for Plaintiff-Appellee and

*Gregory Delmar Richardson, II,* pro se.

Dated: May 20 2025

**Robb, P.J.**

{¶1}  Appellant Gregory Delmar Richardson, II appeals the September 25, 2024 judgment dismissing his postconviction petition.  The judgment appealed was issued on remand after we reversed for the trial court to issue findings of fact and conclusions of law in *State v. Richardson*, 2024-Ohio-2702 (7th Dist.).

{¶2}  Appellant raises two assignments of error on appeal.  For the following reasons, we affirm.

Statement of the Case

{¶3}  Appellant was indicted in March of 2021 and charged with six counts: aggravated murder; murder; aggravated robbery with a 54-month firearm specification under R.C. 2941.145(D); two counts of having weapons while under disability; and criminal damaging.  The trial court granted Appellant's motion to sever counts one, two, five, and six.  Appellant ultimately entered two separate plea agreements in Mahoning County criminal case number 2021 CR 00086.

{¶4}  In September of 2022, Appellant pleaded guilty to an amended robbery count with a firearm specification and the weapons while under a disability charge.  The court imposed a sentence of 8-9 years as recommended by the parties.  (October 6, 2022 Judgment.)

{¶5}  Appellant appealed from this judgment and raised two assignments of error. He argued his plea agreement was not knowingly and voluntarily entered.  Appellant also argued he was denied the effective assistance of counsel, contending his attorney failed to inform him he was waiving the right to appeal the denial of his motion to suppress by entering a guilty plea.  We found both assignments lacked merit and affirmed his convictions. *State v. Richardson,* 2023-Ohio-4718 (7th Dist.).

{¶6}  Appellant then sought to reopen his appeal.  He claimed his appellate counsel was ineffective for failing to assert his trial counsel was ineffective.  He took issue with the length of his sentence, claiming the penalty enhancement was not applicable to a robbery offense.  Appellant also averred the penalty enhancement was unconstitutionally applied since the state relied on his prior conviction, which predated the statutory amendment.  We disagreed with both contentions.  We found the fact that his

disability predated the amendment to the statute did not violate the ex-post facto clause. We concluded his proposed assigned errors did not show he was deprived of the effective assistance of appellate counsel. *State v. Richardson*, 2024-Ohio-1995 (7th Dist.).

**{¶7}** In January of 2023, Appellant entered a second plea agreement on the remaining charges, i.e., an amended involuntary manslaughter charge with a firearm specification and having a weapon while under disability. The state agreed to dismiss the murder charge and attendant specification as well as the criminal damaging charge. The court adopted the parties' agreed sentence recommendation of 10-15 years. It ordered the sentences to run consecutively to those previously imposed. (January 31, 2023 Sentencing Judgment.)

**{¶8}** Appellant also appealed from this judgment to this court in Seventh District Court of Appeals case number 23 MA 18. He was appointed appellate counsel, but voluntarily dismissed the appeal before filing an appellate brief. (April 27, 2023 Motion to Dismiss Appeal.)

**{¶9}** Appellant then filed his initial postconviction petition for relief on October 2, 2023. The trial court summarily denied the petition, and we reversed and remanded for the trial court to issue findings of fact and conclusions of law. We did not reach the merits of his arguments. *State v. Richardson*, 2024-Ohio-2702 (7th Dist.).

**{¶10}** On remand, the state moved to dismiss the petition. The trial court granted the motion and issued findings of fact and conclusions of law. It concluded in part that Appellant's arguments were barred by res judicata since they could have been raised in his direct appeals. The trial court also found Appellant failed to come forward with evidence de hors the record and his sentences were jointly recommended and fell within the applicable sentencing ranges. (September 25, 2024 Judgment.)

<u>Postconviction Relief & Standard of Review</u>

**{¶11}** The postconviction relief statute provides, "Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "asking the court to vacate or set aside the judgment or sentence." R.C. 2953.21(A)(1)(a)(i).

{¶12} The petitioner bears the burden to show via affidavits, the record, and other supporting materials that sufficient operative facts exist which, if true, would establish substantive grounds for postconviction relief before a hearing is scheduled. *State v. Calhoun*, 86 Ohio St.3d 279, 283 (1999).

{¶13} We generally apply an abuse of discretion standard when reviewing a trial court's decision to dismiss a petition for postconviction relief without a hearing. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. An abuse of discretion occurs if the court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When reviewing for an abuse of discretion, the fact that the reviewing court would have reached a different result is not enough to find error. *Id.*

{¶14} However, if a trial court denies a petition on legal grounds, e.g., by application of the doctrine of res judicata, our review is de novo. *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 21.

Assignments of Error

{¶15} Appellant's first assigned error asserts:

"Petitioner was denied effective assistance of trial counsel."

{¶16} Appellant contends he was denied effective trial counsel for two reasons. He claims his trial counsel erred by failing to raise an ex post facto penalty enhancement argument. Appellant also asserts his trial counsel erred by failing to argue that R.C. 2911.02 does not apply when robbery is the underlying offense.

{¶17} The state counters that Appellant's arguments are barred by res judicata, are unsupported by evidence de hors the record, and the alleged errors were agreed upon as part of Appellant's plea agreements. We agree.

{¶18} To establish an ineffective assistance of counsel claim, an appellant must satisfy a two-part test. First, one must establish his counsel's performance fell below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. And second, an appellant must show he was prejudiced by counsel's deficient performance. *Id.* To establish one has been prejudiced by their attorney's performance, an appellant must show that but for counsel's errors, the result of the proceeding would have been different. *Bradley*, at paragraph three of the syllabus. "If a claim can be

disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's performance was deficient." *Bradley*, at 142, citing *Strickland* at 695-696.

**{¶19}** An appellant bears the burden of proof on the issue of ineffective assistance of counsel, and a licensed attorney is presumed competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999).

**{¶20}** The Ohio Supreme Court has held that before a trial court grants a hearing on a postconviction petition claiming ineffective assistance of counsel, the petitioner must submit evidentiary materials containing sufficient operative facts that demonstrate both the lack of competent counsel and the petitioner's defense was prejudiced as a result. *Id.* at 283, citing *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus.

**{¶21}** Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. Where the claims raised in a petition for postconviction relief are barred by res judicata, the trial court need not hold a hearing prior to dismissing the petition.

**{¶22}** As pointed out by the trial court in its September 25, 2024 judgment, Appellant raised an ineffective assistance of counsel claim in his first direct appeal, and he could have raised such an argument in his second. Instead, he dismissed his second appeal. Further, Appellant raised an ineffective assistance of counsel argument in his application for reopening filed with this court in March of 2024. We determined the claims raised lacked merit.

**{¶23}** In addition, as stated in the statement of the case, Appellant raised the same arguments he now raises in his application for reopening in his first direct appeal. *State v. Richardson*, 2024-Ohio-1995 (7th Dist.) And we found neither proposed assigned errors showed he was deprived of the effective assistance of appellate counsel. *Id.*

**{¶24}** Because Appellant could have raised these arguments in his direct appeals and did raise them in his application for reopening, we conclude that res judicata

precludes us from addressing them in connection with his postconviction petition. This assigned error lacks merit.

**{¶25}** Appellant's second assignment of error contends:

"Petitioner's aggregate term is grossly disproportionate to the crime."

**{¶26}** In this assignment, Appellant contends the consecutive sentences he received were disproportionate to the crimes committed in violation of the Eighth Amendment. Appellant claims he received multiple penalty enhancements for his use of the same weapon, and as a result, he contends his term was twice as much as allowed by law.

**{¶27}** The state counters that Appellant fails to provide evidence de hors the record in support of this argument. As stated, the onus is on the petitioner to establish substantive grounds for postconviction relief via evidence from outside the record before a hearing is scheduled. *State v. Calhoun*, 86 Ohio St.3d 279, 283 (1999); *State v. Jackson*, 64 Ohio St.2d 107 (1980). Further, the state also urges us to find this issue is also barred by res judicata since it could have been raised in his direct appeals. We agree.

**{¶28}** Because this argument could have been raised in his direct appeals and since Appellant failed to present competent evidence outside of the record in support of this contention, his second assigned error is barred by the doctrine of res judicata. "Postconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). This assignment lacks merit.

Conclusion

**{¶29}** In light of the foregoing, Appellant's assignments of error lack merit and are overruled. The trial court's judgment is affirmed.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 24 MA 0101

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**